# 𝔖taunton

## THE KEYS PLANING MILL CO. V. KIRKBRIDGE.

### September 9, 1912.

1. EQUITY—*Petition in Equity—Process—Decree by Default—Re-Opening Under Section 3233 of Code.*—A defendant in a chancery suit who has acknowledged service of the summons to commence the suit is bound by the decrees and orders entered therein which relate to matters put in issue by the bill, but is not bound by a decree against him founded upon a petition filed in the cause, of which he had no notice, and may, under the provisions of section 3233 of the Code, file a petition in the cause, within the time prescribed by that section, to have the case made by such petition reheard.

2. APPEAL AND ERROR—*Question for First Time—Jurisdiction.*—A party who has answered a petition filed against him in a chancery suit, and made full defense on the merits, cannot object in the appellate court for the first time to the jurisdiction of the trial court to permit the petition to be filed.

3. EQUITY—*Exception to Answer.*—An exception to the sufficiency of an answer is tantamount to an averment that the answer, if true, constitutes no defense to the complainant's demand. If the answer states a good defense, the exception should be overruled.

4. ELECTION OF REMEDIES—*Two Suits for Same Cause.*—If a suit in equity and an action at law between the same parties and touching the same subject matter are pending at the same time, the court of equity, upon the application of the defendant, should compel the complainant to elect which he will prosecute.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for T. W. Kirkbridge, on a petition filed by him against The Keys Planing Mill Company, in the chancery cause of *McClamrock Mantel Co.* v. *Kirkbridge & Others.* The appellant came into the original suit by petition and asked that Kirkbridge be made a party defen-

dant, but the process on this petition was returned as to Kirkbridge "not found, being a non-resident of the State of Virginia." Although a non-resident, he acknowledged service of process to the bill in the McClamrock Mantel Company suit.

*Reversed.*

The opinion states the case.

*Henry & Graham & Hawthorne,* for the appellant.

*Henson & Bowen,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

T. W. Kirkbridge, a general contractor, engaged in the construction of buildings of various designs, undertook the construction of a bank and office building in the town of Graham, Tazewell county, Va., for the Bank of Graham, a corporation, which building Kirkbridge completed in February, 1908. During the progress of the work Kirkbridge employed the McClamrock Mantel Company, a corporation, to furnish certain material for and to do certain work upon the building, all of which material was furnished, and the necessary work in placing the same was done by that company, in accordance with its employment, and for which it was to receive from Kirkbridge, on or before December 2, 1907, the sum of $308.15, but the same was not paid, and, thereupon, the McClamrock Mantel Company filed its mechanic's lien, pursuant to the statute in such cases made and provided against the bank and its said building, for the purpose of securing itself for the debt owing by Kirkbridge as general contractor.

To the first May rules, 1908, the McClamrock Mantel Company filed its bill in the Circuit Court of Tazewell county, the object of which was to subject the balance

then due and owing by the bank to Kirkbridge to the payment of the amount claimed to be due from Kirkbridge to the complainant. Process was issued upon the bill, served on the bank, and accepted by Kirkbridge on the 4th day of May, 1908. Various other creditors of Kirkbridge, who had secured liens under the statute, for material furnished and work done for Kirkbridge in the construction of the bank building, filed petitions in said cause for the purpose of enforcing their respective liens upon the balance due and owing by the bank to Kirkbridge, among said petitioners being the Keys Planing Mill Company, a corporation, filing its petition by leave of court in an order entered in its chancery order book May 4, 1908, and upon its petition summons was at once issued and served upon the bank, but was never served upon Kirkbridge, although required by statute and ordered by the court to be served upon him.

On the 29th day of May, 1908, the McClamrock chancery cause coming on to be heard upon the bill and exhibits filed therewith, taken for confessed as to the defendants, T. W. Kirkbridge and the Bank of Graham, upon the petition of the Keys Planing Mill Company and others, was by decree then entered referred to Commissioner J. H. Stuart to take an account and make report of the enforcable liens against the property of the bank, and also to ascertain what was due from the bank to Kirkbridge, the general contractor, for the construction of the bank's building, etc., at the time of the filing of the various liens thereon.

Pursuant to this decree and after notice of the taking of the accounts ordered, by publication, Commissioner Stuart, on August 9, 1908, made his report showing the balance due from the bank to Kirkbridge to be $1,613.60, and among other items he reported the debt and lien of the Keys Planing Mill Company to be $3,124.85, including interest to the date of the report. On September 21, 1908,

the McClamrock cause came on to be heard on the report of Commissioner Stuart, and the report was confirmed, and George W. St. Clair was appointed to collect and disburse the said balance due from the bank—the distribution to be made *pro rata* among the reported debts against Kirkbridge. On October 3, 1908, Receiver St. Clair filed his report, showing that in the disbursement made by him he paid to the attorneys for the Keys Planing Mill Company the sum of $900, its *pro rata* share of the fund distributed; and at the November term, 1908, of the court the report of the receiver was confirmed and the cause "ordered to be left from the docket."

It will be observed that service of summons to answer the bill filed by McClamrock Mantel Company against Kirkbridge and the Bank of Graham was accepted by Kirkbridge, but that the summons to answer the petition filed by the Keys Planing Mill Company in that case, while served upon the bank, was never served upon Kirkbridge, and that the notice of the taking of the account by Commissioner Stuart was by publication only.

· Section 3233 of Virginia Code, 1904, provides: "Any unknown party, or other defendant, who was not served with process, and did not appear in the case before the date of such judgment, decree or order, or the representative of any such, may, within three years from that date, if he be not served with a copy of such judgment, decree, or order, more than a year before the said three years, and if he be so served, then within one year from the time of such service, petition to have the case reheard, and may plead or answer, and have any injustice in the proceedings corrected."

At the August term, 1910, of the Circuit Court of Tazewell county, Kirkbridge, by leave of court, filed his petition, the object of which was to have the decrees entered upon the petition of the Keys Planing Mill Company

against him in the McClamrock cause reheard, and to recover from the Keys Planing Mill Company the said sum of $900 paid to it by St. Clair, receiver, as above stated; and the Keys Planing Mill Company, by its attorneys, entered its appearance in answer to the petition, with leave to make such defense thereto as it might be advised.

There was some confusion of statement as to the style of the chancery cause in which the petition of Kirkbridge was intended to be filed, but if this had been of any importance, it was later made clear that the petition was intended to be filed, and was in fact filed, and proceeded upon in the cause of *McClamrock Mantel Co.* v. *Kirkbridge et als.*

Kirkbridge based his right to file his petition in said chancery cause upon section 3233 of the Code, *supra*, and the general grounds upon which he relied for a recovery of the $900 from the Keys Planing Mill Company, paid to the latter by Receiver St. Clair, were that the decrees under which the said sum of money was received by the Keys Planing Mill Company were in a proceeding upon a petition filed in the McClamrock cause, of which he had no notice, and that prior to the date of the decree under which the Keys Planing Mill Company became entitled to recover said sum of money, and before the same was paid to it by Receiver St. Clair, he, Kirkbridge, had paid off in full his indebtedness to the Keys Planing Mill Company. In other words, Kirkbridge's petition sets forth that as general contractor for the construction of the building, etc., for the Bank of Graham, he became indebted to the Keys Planing Mill Company in the sum of $13,327.52, upon which sum he had paid $5,050.23, and on the 25th day of August, 1908, six days after the filing of Commissioner Stuart's report in the McClamrock cause and before decree thereon, he, by conveyance of certain lots in Norfolk county, Va., paid the Keys Planing Mill Company the full amount of the balance

due from him to it, which balance included the sum of $2,993.16, decreed to the Keys Planing Mill Company, upon the report of Commissioner Stuart and upon account of which the company received from Receiver St. Clair the $900 in question; that the Keys Planing Mill Company, after having received in full the indebtedness of the petitioner to it, with fraudulent intent to collect further and additional sums upon the said debt, did not notify its counsel, who, ignorant of the fact that said debt had been paid off in full, procured the decree allowing said debt in full, and directing its *pro rata* share of the fund under the control of the court to be paid to it, and actually received the same through its counsel of record.

With his petition, as exhibit No. 1, Kirkbridge vouches the following release:

"In consideration of the execution and delivery by T. W. Kirkbridge and wife of a certain deed dated August 25, 1908, conveying to the undersigned an undivided two-thirds interest in certain twelve lots of land in Coleman Place, Tanners creek district, Norfolk county, Virginia, the undersigned doth hereby release and cancel the indebtedness now due by the said T. W. Kirkbridge to it, the said debt being for the sum of $13,327.52, upon which there is a credit of $5,050.23, and for which a decree was obtained by the undersigned in the Circuit Court of the county of Mercer, State of West Virginia, on Tuesday, the 26th day of May, 1908.

"Witness the following signature this 25th day of August, 1908.

"KEYS PLANING MILL COMPANY,
                    "By C. W. Pierce, Mgr."

Pursuant to a decree entered in the cause on December 3, 1910, the Keys Planing Mill Company filed its answer

to Kirkbridge's petition, to which Kirkbridge replied generally, but later, and after amending his petition, by leave of court, he withdrew his replication to the answer of the Keys Planing Mill Company and filed exceptions thereto in writing.

The Keys Planing Mill Company's answer admits as true many of the statements of fact contained in the petition of Kirkbridge, but in effect takes the ground that even if the release (called a receipt) relied on by Kirkbridge does apparently cover the debt due from him to respondent, and upon which the $900 was paid to respondent under decrees in the Tazewell county suit some time after the receipt was executed, it was a mistake, as the receipt was not intended to have that effect, and in fact had no reference to said litigation; that when the agent of respondent, one C. W. Pierce, who conducted the transaction by which the Norfolk county lots were taken over to respondent, and who really prepared the receipt in question, executed the same without advice of counsel, he never thought about the debt of respondent involved in the proceedings in Tazewell circuit court, but only had in view a decree in Mercer county, W. Va., in favor of respondent against petitioner, Kirkbridge; that said agent knew of the suit pending in Tazewell county, but his signing a receipt covering a debt already decreed to respondent in that suit was a plain mistake and wholly unintentional on his part, and that to construe this debt and decree in Tazewell county, as covered by said receipt, would cause respondent to lose at least $6,000, owing to it by Kirkbridge; that as Kirkbridge accepted process in person, to answer the chancery cause of the McClamrock Mantel Company, and also accepted personally other summonses issued on some of the petitions filed in said cause, he had no right to complain that the proceedings upon the petition filed in said suit by respondent was upon publication

of notice only; that Kirkbridge knew all about the proceedings against him in Tazewell county and about the decree against him there, but never said anything about it at the time the receipt in question was executed, and never mentioned it to respondent until about the time he instituted an action of debt against respondent to recover the $900 received by it from Receiver St. Clair, which was but a short time before he filed his petition in this cause.

The debt asserted by the Keys Planing Mill Company against Kirkbridge, in the McClamrock cause pending in Tazewell circuit court, was evidenced by a decree rendered in the Circuit Court of Mercer county, W. Va., and the balance due on said decree is the debt reported by Commissioner Stuart as owing by Kirkbridge to the Keys Planing Mill Company, as above stated.

Exceptions filed by Kirkbridge to said answer were sustained, but leave was given the Keys Planing Mill Company to amend its answer at the next term of the court, and, accordingly, at the May, 1911, term, the respondent filed its amended answer, reiterating the statements contained in its original answer and relying thereon, except in so far as the same were explained or modified, to which amended answer Kirkbridge again filed exceptions, which were sustained by decree entered June 7, 1911, and it was thereby adjudged and ordered that Kirkbridge recover of the Keys Planing Mill Company the sum of $900, with interest thereon from September 29, 1908, until paid, and costs, from which decree and that entered in December, 1910, this appeal was allowed.

The first assignment of error presents the question, whether or not the circuit court had jurisdiction to allow appellee's petition to be filed in the McClamrock cause.

We think this assignment is without merit. While appellee was a party to the McClamrock cause, and was bound by the decrees or orders entered therein, which re-

lated to matters put in issue upon the bill of complaint, of which appellee is to be held as having had due notice, yet not having been served with process to answer the petition of appellant in said cause, he was not bound by the decrees against him upon said petition, and was clearly in a position to avail himself of the benefits of the provision made for parties so situated, by section 3233 of the Code, *supra.* Not only is this true, but appellant did not raise any question in the court below as to the jurisdiction of the court to permit the filing of appellee's petition, and sought by answer to make defense against the matters and things set up in the petition upon the merits of its defense, adding the request that the matters set up in the answer be treated as if set up as grounds of demurrer to the petition. In other words, there was no defense set up against the jurisdiction of the court to receive and consider the petition, but an attempt was made to set up facts by answer which would avoid the release pleaded by the petitioner. All the defense that appellant professed it could make was made by its answer to appellee's petition, and if the court's views as to the answer were correct, nothing remained to be done except to decree that appellant refund the money it had improperly collected of appellee in the McClamrock cause.

The vital and controlling issue made by the petition of appellee in the McClamrock cause, the answers of appellant thereto, and appellee's exceptions to the answers, is whether or not the parties, by the transaction of August 25, 1908, intended that appellee was to be released from his entire indebtedness to appellant, including the debt the latter was then asserting against the former in the McClamrock cause, pending in Tazewell circuit court, or was intended as a release only of the indebtedness of appellee to appellant other than the latter's debt being asserted in said cause.

Appellee, in his petition in the McClamrock cause, among others, makes these allegations: That he was a general contractor, engaged in the construction of many houses, and as such bought large quantities of building material from various manufacturers, and that he became indebted to the Keys Planing Mill Company in the sum of $13,327.16, which included the said sum of $2,993.16, being the sum the said Keys Planing Mill Company was proceeding upon against him in the Circuit Court of Tazewell county, in the McClamrock Mantel Company case; that upon this whole sum of his indebtedness to the Keys Planing Mill Company he paid $5,050.23, and on the 25th day of August, 1908, by his conveyance of certain lots in Norfolk county, paid the Keys Planing Mill Company the balance of its said debt, which included $2,993.16, being asserted by it in the Tazewell circuit court, and that he obtained from the Keys Planing Mill Company a receipt to this effect, which is filed as part of his petition.

The original answer of appellant to the petition attempts a full history of the transaction and the circumstances under which C. W. Pierce, appellant's manager, signed the receipt in question, and then says that its answer was framed wholly from information furnished by Pierce, which informtaion, as to the facts and circumstances under which the receipt was signed, when stated in the answer, are not materially different from the facts as stated in the petition; but it is insisted, in the answer, that if the receipt executed by Pierce was intended to cover the $900 decree of appellant in Tazewell county, it was a mistake, etc. The amended answer makes the statement that one T. N. Fannin, vice-president of the company, alone made and concluded the transaction between the company and Kirkbridge, and that when the original answer was prepared, Fannin was in a distant western State and could not be communicated with in respect to the transaction.

The amended answer states other facts and circumstances going to show that the minds of the parties never met upon the proposition that the receipt in question was to operate as a release of appellant's right to receive its *pro rata* share of the fund under the control of the Circuit Court of Tazewell county in the McClamrock cause; that after the understanding between Fannin and Kirkbridge, as to the terms of settlement, Fannin told Pierce to close it up, and Pierce, without any further conversation with Kirkbridge with reference to the terms of the settlement, signed the receipt in question, which had already been prepared by someone. It further appeared from appellant's answer that appellee, Kirkbridge, had instituted and was carrying on an action at law in the Circuit Court of Tazewell county for the recovery of the sum of money involved in this controversy from the appellant, and the court was asked to make him elect in which forum he would proceed, which request was denied. It is further stated in the answer that there was a plain mistake made by the parties in the execution of the receipt in question, it not having been intended that the decree in favor of appellant in the McClamrock cause was to be included in the receipt, if in fact the receipt can be so construed.

The case stated by the answer of the appellant was not predicated upon the idea that parol evidence was admissible to contradict or vary the terms of the deed of appellee to appellant, conveying the Norfolk county lots, but upon the theory that the true consideration for the conveyance did not include the decree in the McClamrock cause in favor of appellant; that the so-called release was but a receipt, which could be explained; and that, as the conveyance of the Norfolk county lots had for its consideration one dollar "and other good and valuable consideration," either party to the transaction had the right to show the true consideration for that conveyance.

"An exception to the sufficiency of an answer is tantamount to an averment that the answer, if true, constitutes no defense to the complainant's demand." In other words, if the averments of the answer are sustained by proof, they constitute no defense to the plaintiff's demand. *Kelly* v. *Hamblen,* 98 Va. 383, 36 S. E. 491.

The deed conveying the Norfolk county lots did not pretend to set out the real consideration for the conveyance, and for that reason, doubtless, the receipt or release in question was prepared and signed by Pierce for the appellant company; Pierce, as appellant's answer states, having no personal knowledge as to what were the real terms of the settlement agreed on between Kirkbridge and Fannin, vice-president of appellant; and it does not seem to us that the receipt or release in question is sufficiently clear in its terms to have warranted the circuit court in construing it as a release upon its face of the money which had been decreed to appellant in the McClamrock case. Therefore, we are of opinion that the circuit court should have required the appellee, first, to elect whether he would proescute his action at law pending in that court for the recovery from appellant of the sum of money involved, or litigate his rights thereto in this chancery proceeding; and, second, if appellee elected to prosecute his alleged right to the money in this proceeding, the court should have over-ruled his exceptions to appellant's amended answer, and allowed the case to be determined upon the pleadings and the proof adduced.

It follows that the decrees complained of on this appeal have to be reversed, and the cause remanded for further proceedings therein not in conflict with the views expressed. in this opinion.

*Reversed.*