## Staunton

### KIRKBRIDE AND OTHERS v. THE KEYS PLANING MILL COMPANY.

September 7, 1914.

1. EVIDENCE—*Receipt*—*Release.*—It is frequently difficult to determine whether an instrument is a mere receipt or a release in the nature of a receipt, or is contractual in its character. The circumstances surrounding its execution are, therefore, helpful in the determination of that question. Upon the facts and circumstances attending the execution of the instrument under consideration in the case in judgment, it is held to be not a mere receipt, or admission that the debt therein mentioned and described had been paid and satisfied, but that it is contractual in its character and is a release; but even if it be treated as a mere receipt its statements are *prima facie* correct, and the burden of disproving them is on the party denying their correctness, and this burden has not been borne.

Appeal from a decree of the Circuit Court of Tazewell county in a suit in chancery in which T. W. Kirkbride was, on his petition, admitted as a party. From an adverse decree he and his assignee appeal.

*Reversed.*

The opinion states the case.

*Henson & Bowen,* for the appellants.

*Henry, Graham & Hawthorne,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This is the second time this case has been before this court. The facts and circumstances out of which the

litigation arises and the proceedings had therein prior
to the former appeal are stated in the opinion of this
court upon the former appeal, reported under the style
of *Keys Planing Mill Company* v. *Kirkbride,* 114 Va.
58-69; 75 S. E. 778.

Upon the former appeal it was held that the circuit
court erred in sustaining exceptions to the amended an-
swer of the Keys Planing Mill Company to the petition of
Kirkbride, filed by him to recover from that company
the sum of $900 improperly collected by it, as alleged.
The decree of the circuit court so holding was reversed,
and the cause remanded.

Upon the hearing of the cause upon the petition, the
amended answer and the proof adduced, the circuit court
held that Kirkbride, or rather the Saxon Lime and Lum-
ber Company, to which he had in the mean time assigned
his claim, was not entitled to recover the said $900, and
dismissed the petition. From that decree this appeal
was allowed.

The right of Kirkbride's assignee to recover the sum
demanded depends upon the scope and effect of the
agreement by which Kirkbride conveyed to the Planing
Mill Company certain real estate in the county of Nor-
folk and took from that company a writing of which the
following is a copy:

"In consideration of the execution and delivery by T.
W. Kirkbride and wife of a certain deed dated August
25, 1908, conveying to the undersigned an undivided
two-thirds interest in certain twelve lots of land in Cole-
man Place, Tanners creek district, Norfolk county, Vir-
ginia, the undersigned doth hereby release and cancel the
indebtedness now due by the said T. W. Kirkbride to it,
the said debt being for the sum of $13,327.52, upon which
there is a credit of $5,050.23, and for which a decree was
obtained by the undersigned in the Circuit Court of the

county of Mercer, State of West Virginia, on Tuesday, the 26th day of May, 1908.

"Witness the following signature this 25th day of August, 1908.

"KEYS PLANING MILL COMPANY,
"By C. W. Pierce, Mgr."

At the time the agreement was made which resulted in the said conveyance and the execution of the writing quoted, Kirkbride owed the Planing Mill Company a debt which amounted, including interest, to the sum of $13,-327. 52. A part of this debt was secured by a mechanic's lien upon property in Tazewell county, and a suit was pending in the circuit court for that county to enforce it. An attachment suit for the whole debt had been brought in Mercer county, West Virginia, and the sum of $5,050.-23 secured by garnishment in payment thereof, thus leaving unpaid on the debt a little over $8,000. Kirkbride at that time owed the Saxon Lime and Lumber Company about $4,000, and owned a number of houses and lots in the county of Norfolk, then advertised for sale to satisfy debts secured therein. A day or two before this sale was to take place, Kirkbride, who was heavily indebted, met with representatives of the Planing Mill Company and of the Saxon Lime and Lumber Company in the city of Norfolk, and entered into negotiations with them which resulted in the conveyance by Kirkbride of his Norfolk county real estate to those companies and the giving to him by the Planing Mill Company of the writing, a copy of which is hereinbefore set out, and one of similar import by the Lime and Lumber Company.

The record very clearly shows that the debt of $13,-327.52, subject to a credit of $5,050.23, described in the said writing as the debt due from Kirkbride to the Planing Mill Company and declared to be cancelled and released in consideration of the conveyance of the Norfolk

county property, included the debt in the mechanic's lien suit pending in the Circuit Court for Tazewell county.

The contention of the Planing Mill Company is that if the language of the writing is broad enough to include the mechanic's lien debt, it was not so intended by either party, or at most by it, and that the writing is a mere receipt and not a release; and that the effect of the decision of this court upon the former appeal was to hold that the writing was a mere receipt and not a release.

The language in the opinion relied on to sustain the appellee's contention is, ". . it does not seem to us that the receipt or release in question is sufficiently clear in its terms to have warranted the circuit court in construing it as a release upon its face of the money which had been decreed to appellant in the *McClamrock case*" (the mechanic's lien case). The case was then remanded with direction, if Kirkbride elected to prosecute his claim in the chancery suit instead of his action at law then pending, the case should be determined upon the petition, amended answer and the proof adduced. All that was intended by the court in its opinion upon that point was that the writing did not on its face conclusively show that it was a release and not a mere receipt, but that the question whether it was the one or the other was to be determined in the light of the circumstances surrounding the transaction when that writing was executed.

It is frequently difficult to determine whether an instrument is a mere receipt or a release in the nature of a receipt, or is contractual in its character. The circumstances surrounding its execution are, therefore, helpful, in the determination of that question. 1 Elliott on Ev., secs. 617, 597; 1 Greenleaf on Ev., sec. 277.

Upon the facts and circumstances attending the execution of the said writing, the court is of opinion that it

is not a mere receipt, or admission that the debt mentioned and described therein had been paid or satisfied, but that it is contractual in its character and is a release. It was given to Kirkbride in consideration of his conveying a two-thirds undivided interest in his Norfolk county real estate to the appellee. It expressly so declares. It as well as the conveyance of the real estate was prepared by the appellee's attorney, who understood the meaning and the effect of the language used. Although it is a release and not a mere receipt, yet if it were true, as insisted by the appellee, that it was not intended by either party that the mechanic's lien claim should be released; but that by mutual mistake it was released, then neither Kirkbride nor his assignee is entitled to recover the amount afterwards collected by it by means of the litigation in the Circuit Court for Tazewell county. But the evidence wholly fails to show that there was a mutual mistake. Upon that question the only two witnesses who pretend to know what the agreement between Kirkbride and the appellee was are Kirkbride and Fannin, the vice-president of appellee company, and their testimony is in conflict on that point.

But even if the writing be considered as a mere receipt and not as a release, it is *prima facie* evidence that the consideration for the conveyance of the Norfolk county real estate was in full satisfaction of the debt mentioned and described in it and which embraced the claim asserted in the Circuit Court for Tazewell county. The burden was, therefore, upon the appellee to prove that the conveyance of the Norfolk county property was not in satisfaction of the debt in suit in Tazewell circuit court. This burden we do not think the appellee has borne. It introduced two witnesses, both agents or officers of the appellee company. One of them, Pierce, testifies that he had nothing whatever to do with accept-

ing the Norfolk county property from Kirkbride in payment of his indebtedness; that that deal was made by Mr. Fannin and Kirkbride; that he signed the receipt given Kirkbride at the direction of Mr. Fannin after he and Mr. Kirkbride had come to an agreement. After so testifying, he was asked this question: "You have stated that you had nothing at all to do with the contract or details thereof in reference to this land with Kirkbride. Did you hear any conversation, or any of the details of this transaction which occurred between Kirkbride and Mr. Fannin; if so, what were they?" A. "No, I did not." It is true that he stated that it was his understanding that the debt in suit in the Tazewell circuit court was not included in the amount set forth in the receipt, otherwise he would not have signed it; but it is apparent from his whole testimony that he knew nothing whatever about the terms of the agreement entered into by his company through Mr. Fannin.

Mr. Fannin, the other witness introduced by the appellee, testifies that in his negotiation with Kirkbride nothing was said about the debt in the suit in Tazewell circuit court, and that it was not intended to be, and was not, embraced in the agreement between them which resulted in the conveyance of the Norfolk county property and the execution of the receipt or release. On the other hand Kirkbride, who testified in favor of the appellants, is equally positive that his conveyance of the Norfolk county property was in full satisfaction of all his indebtedness to the appellee company and to the Saxon Lime and Lumber Company, the former company acquiring a two-thirds and the latter one-third undivided interest in that property in satisfaction of the indebtedness due from him to each. The evidence of Judge Mason, who represented the Saxon Lime and Lumber Company in the same transaction, which company claims under the

same conveyance of the Norfolk county property and executed a similar receipt or release, tends to sustain Kirkbride in his version of the transaction.

Upon the whole case, the court is of opinion that whether the said writing be considered a mere receipt or a release, the appellee failed to sustain the defense set up by it, and that the Saxon Lime and Lumber Company, as assignee of Kirkbride, is entitled to recover from the Planing Mill Company the said sum of $900 with interest thereon from September 29, 1908, subject to a credit of $118.90 as of September 9, 1912, the amount of costs adjudged by this court against Kirkbride on the former appeal.

The decree complained of must be reversed, and this court will enter such decree as the trial court ought to have entered.

*Reversed.*