# CHARLESTON.

## CASWELL v. CASWELL *et als.*

Submitted September 17, 1919.   Decided September 30, 1919.

1. JUDGMENT—*Judgment in Another State Subject to Collateral Attack for Want of Jurisdiction.*

    A judgment or decree rendered in another state is liable to collateral attack for want of jurisdiction in the court that rendered it.  (p. 579).

2. DIVORCE—*Foreign Decree of Divorce Entitled to Full Faith and Credit.*

    In the absence of any showing of fraud upon the court, or lack of jurisdiction, a decree of divorce rendered by a court of competent jurisdiction in another state or territory of the United States, upon an order of publication duly executed pursuant to the laws of such state or territory, is entitled to the same faith and credit in the courts of this State as in the state or territory wherein rendered.  (p. 579).

3. SAME—*Order of Publication Naming Date Year Before Suit not Void.*

    An order of publication, otherwise regular, defective only in that it names a date in a year prior to the bringing of the suit instead of the year in which the suit was brought, is not void, and a decree based thereon can not be collaterally attacked for that reason.  Such error is self-correcting and does not affect the jurisdiction.  (p. 579).

4. EQUITY—*Exceptions to Answer Admit Allegations of New Matter.*

    Exceptions to an answer which sets up affirmative matter in bar, being analogous to a demurrer to a bill or plea, admit the truth of the allegations excepted to.  (p. 583).

5. PLEADING—*Exhibits in Support of Pleading A Part Thereof—Effect.*

    Exhibits filed in support of a pleading are considered parts thereof, and, if they contradict the matters alleged, will control.  (p. 583).

6. WILLS—*Gift of Annuity Not in Lieu of Dower Requiring Renunciation of Will.*

    Where a husband settles an annuity upon his wife, payable during her life, and thereafter dies testate devising all his property to another, and provides in his will that his wife shall have no other part of his estate, except the annuity previously settled

on her, such provision in the will is not a gift in lieu of dower, and she is not required to renounce the will in order to be entitled to claim dower.   (p. 584).

7.  JUDGMENT—*Recital of Jurisdictional Facts in Judgment of Foreign Courts of General Jurisdiction Presumed Correct.*

When it does not appear from a certified copy of the record of proceedings in a court of general jurisdiction of another state or territory, that such court was without jurisdiction, a finding by it of jurisdictional facts recited in its decree is presumably correct. (p. 584).

8.  SAME—*Court of General Jurisdiction of Another State—Where Deposition Does Not Show Jurisdiction, Presumption Other Evidence Did.*

Where a court of another state or territory may hear and receive evidence *ore tenus* as well as by depositions, a certified copy of the record in a proceeding showing only one deposition to have been filed, which fails to prove all the jurisdictional facts, it will not be presumed that such deposition is all the evidence taken or heard, when the court in its decree recites a finding of all jurisdictional facts.   (p. 582).

9.  DIVORCE—*Averments of Bill as to Residence Conclusive in Absence of Evidence to Contradict.*

The allegation in a sworn petition or bill in a divorce proceeding in another state or territory, that plaintiff is and for more than ninety days prior thereto has been a resident of such state or territory, such residence being essential to jurisdiction, proves the fact averred, in the absence of anything in the record to contradict it.   (p. 582).

Certified to Circuit Court, Wood County.

Suit by Mattie R. Caswell against Cora C. Caswell, deceased, and others, to establish dower and an accounting. Plaintiff's motions to strike out certain parts of the answers overruled, and the rulings certified.

*Reversed in part.    Affirmed in part.    Certified back to Circuit Court.*

*W. M. Straus* and *George W. Johnson,* for plaintiff.
*McCluer & McCluer,* and *Smith D. Turner,* for defendants.

WILLIAMS, JUDGE:

W. S. Caswell departed this life testate in July, 1916, devising his property, real and personal, to Cora C. Caswell, his second wife, and appointed her his executrix without

bond. Mattie R. Caswell, claiming to be the lawful wife of said W. S. Caswell at the time of his death, brought this suit praying to have her dower assigned in the real estate of which said W. S. Caswell was seized during coverture, and also for her distributive share in his personal estate. Plaintiff alleges that by writing, dated 26th of October, 1891, said W. S. Caswell settled upon her the sum of $750.00 per year, payable at the rate of $62.50 each month, during her life; that the personal property, which passed into the hands of the aforesaid executrix, is liable to the payment of the same and that said executrix is in possession of, using and converting the same to her own uses to such an extent that there will be none of it left to pay her the aforesaid annuity. She prays for an accounting of the personal fund by said executrix, including the rents, issues and profits derived from the real estate since her said husband's death, and for an assignment of dower in the real estate.

W. S. Caswell, after his marriage to plaintiff, conveyed to third parties certain portions of his real estate and his grantees, and those claiming under them, are made parties to the bill. Cora C. Caswell and the other defendants demurred to the bill which demurrers were overruled. They then filed their answers averring that W. S. Caswell was married to plaintiff May 2, 1877; that he died June 15, 1916, testate and by his will, dated March 31, 1909, probated in Wood County July 3, 1916, devised and bequeathed all his property, both real and personal, to his wife Cora C. Caswell, except the annuity of $750.00 to be paid in monthly installments of $62.50 each to the plaintiff during her lifetime, but that she should have no other share in his estate; that Cora C. Caswell was appointed his executrix; that the will was duly probated in Wood County, and the probate order of the county court of said county is now in full force and effect; that said executrix has paid to plaintiff, since the death of the testator, the aforesaid monthly installments and the same have been accepted by the plaintiff; that whether or not Mattie R. Caswell was the wife and is now the widow of said testator, she is, nevertheless, barred of any other interest in his estate.

The answer further avers that a suit was instituted in the District Court of Logan County, Oklahoma, then a territory but now the State of Oklahoma, in which W. S. Caswell was the plaintiff and Mattie R. Caswell was the defendant and that, on the 29th of July, 1895, a decree was rendered therein granting said W. S. Caswell an absolute divorce from Mattie R. Caswell; that said decree became absolute on the 29th of January, 1896, and has not been reversed and is now in full force and effect. The answer exhibits a transcript of the record of the proceedings and decree rendered in said Oklahoma suit, and further avers that in July, 1893, this plaintiff left her then husband, the said W. S. Caswell, without such cause as would entitle her to a divorce either from the bonds of matrimony or from bed and board and, without just cause and of her own free will, lived separate and apart from him and was so living at the time of his death, wherefore, it is alleged that, under the provisions of section 7 of chapter 65, Code, she is barred of dower and of all right to claim a distributive share in his personal estate. It also avers that W. S. Caswell was not seized, at any time during the existence of his marriage to Mattie R. Caswell, of an estate of inheritance in any of the parcels of real estate mentioned and described in the bill, except a lot on Avery Street, conveyed to him by Mrs. C. L. Caswell by deed dated September 3, 1888. The answer admits that W. S. Caswell previous to obtaining the divorce in the district court of Logan county, Oklahoma, settled upon the plaintiff an annuity of $750.00, payable at the rate of $62.50 per month during her life, and secured the same by a deed of trust on a lot situated in Parkersburg at the corner of Market and Eleventh streets, which property it avers rents for at least $94.00 per month, and that said annuity constitutes the first lien upon said property. The executrix also admits that, under the terms of the will, she has received the personal property devised to her by the testator, but denies that she has made no provision for the payment of the monthly installments, and denies that she is converting and making such use of the personal property as to

deplete it to the injury of plaintiff, and denies that plaintiff is entitled to any relief.

The other defendants also answered averring substantially the same matters set up in the answer of the executrix.

Plaintiff filed written exceptions to, and moved to strike out certain portions of the answers, for the alleged reason that they constituted no defense. These motions were overruled, and the court on its own motion has certified its rulings thereon to this court.

The first exception and motion to strike relates to that part of the answers setting up, as a bar to plaintiff's claim, the decree of divorce and proceedings in the Oklahoma court, evidenced by a certified copy of the record of said proceedings made a part of the answer as exhibit "No. 2A". The next exception was taken to that part of the answer setting up the annuity as a provision made for plaintiff in testator's will in lieu of her dower and, therefore, a bar to the present suit.

As grounds for the first exception, it is claimed that the certified copy of the record from the district court of Logan county, Oklahoma, shows want of jurisdiction, that this plaintiff was not a resident of Oklahoma, was proceeded against by order of publication and made no appearance to the suit; and, second, because it appears from the order of publication therein that the defendant was summoned to appear at an impossible date, the date being prior to the order of publication; and, third, because it does not appear that the defendant received any notice of the pendency of the suit.

This is a collateral attack upon the decree of the Oklahoma court, but the judgment or decree of a foreign court may be assailed collaterally for want of jurisdiction, as in such case the judgment is void, not simply voidable. If the certified record from the Oklahoma court shows want of jurisdiction, the first exception to the answer should have been sustained. *Roberts* v. *Hickory Camp Coal Co.,* 58 W. Va. 276.

Under the statutes of Oklahoma, existing at the time the divorce decree was rendered, a party who had been an actual *bona fide* resident of the Territory for ninety days could

bring a suit for divorce. The plaintiff averred in his petition or bill that he was then, and had been for more than ninety days, such resident; that he was married to defendant in Parkersburg, West Virginia, May 1, 1877, that plaintiff and defendant lived together as man and wife until September, 1889, when defendant abandoned plaintiff without any cause therefor and lived separate and apart from him until March 1893, at which time she returned to him and resided with him until July, 1893, when she again abandoned him, without any cause therefor, and since then has continued to live separate and apart from him; that thereafter she has continuously lived separate and apart from him, which was a period of more than one year prior to the filing of his petition; that plaintiff had always supported defendant in a reasonable manner and conducted himself toward her in a kind and generous manner and had never abused her in any way, or given her any cause or occasion to abandon and desert him, wherefore he prays judgment that the bond of matrimony between defendant and petitioner be dissolved, and that petitioner be granted an absolute divorce from her. Petitioner made affidavit to the forgoing facts in compliance with the Oklahoma law, and those facts show that the court had jurisdiction to entertain such suit.

Plaintiff made another affidavit that he is plaintiff in the suit of W. S. Caswell against Mattie R. Caswell, brought for the purpose of obtaining a divorce from the defendant therein, that the defendant resided out of the Territory of Oklahoma and service of summons could not be made upon her in said territory and that plaintiff with due diligence is unable to make service within said territory. On this affidavit an order of publication was had, the sufficiency of which is attacked. It styles the cause, names the county and territory of Oklahoma, wherein the suit was pending, and notifies the defendant that the plaintiff had filed his petition in the District Court of Logan County in said territory, praying judgment against her for an absolute divorce, and concludes as follows: ''You are hereby notified that you must answer the said petition on or before the 25th day of April, 1893, or the said petition will be taken as true and judgment ren-

dered divorcing the said plaintiff from you. (Signed) William S. Caswell.'' This was published in the Oklahoma Leader, a newspaper printed and published in Logan county, Oklahoma Territory, and F. B. Lucas, acting manager of said newspaper, made affidavit that the notice was published in the regular issue of each number of said Oklahoma Leader for four consecutive weeks, ''the first publication as aforesaid, being made on the 14th day of March, A. D. 1895, and the last on the 25th day of April, A. D. 1895.'' A discrepancy appears between the date named in the publisher's affidavit and the date stated in the published notice, whereon the defendant was required to appear and answer plaintiff's petition, the year stated in the notice being 1893, whereas it should have been 1895. It is contended this mistake is fatal to the notice, and renders the decree based thereon void. But we do not think so, because the mistake could not have misled the defendant. The publication appearing in a newspaper, issued in March 1895, being for the purpose of notifying defendant to appear at a future date and defend a pending suit, could not possibly have misled an intelligent person by stating a year for such appearance, which had then passed. This notice must be read in connection with the Oklahoma statute, authorizing the summoning of non-residents by order of publication, and so reading it, anyone must know that the year 1895, and not a year which had passed before the suit was brought, was intended. The Oklahoma statute requires that the date to which a defendant is notified by an order of publication to appear, should not be less than forty-one days from the date of the first publication, and reading the date 1893 as if it were 1895, the notice gave the defendant forty-two days from the date of the first issue of the newspaper containing the notice within which to appear. The publication is defective only in that it states the wrong year in which the defendant was required to appear. It is not thereby rendered absolutely void, because the error relates only to the year, and not to the day or month, and is self-correcting and, therefore, in no wise misleading, and the default decree of divorce rendered thereon against the defendant is not void for any

fatal defect in the order of publication. *Ambler* v. *Leach,* 15 W. Va. 677; *Town of Pt. Pleasant* v. *Greenlee & Harden,* 63 W. Va. 207; *Miller* v. *White,* 46 W. Va. 67; *Land Co.* v. *Koontz,* 77 W. Va. 583; and *Core* v. *Smith,* (Okla). 102 Pac. 114.

The law of Oklahoma also required that a copy of the petition with a copy of the publication of notice attached thereto should, within three days after the first publication is made, be enclosed in an envelope addressed to defendant at his or her place of residence, postage paid, and deposited in the nearest postoffice, unless the plaintiff shall make and file an affidavit that such residence is unknown to plaintiff and can not be ascertained with any means within plaintiff's control.

It appears from a registered return receipt, signed by Mrs. M. R. Caswell, sent from the postoffice at Guthrie, Oklahoma, March 16th, 1895, that she received a registered letter sent to her from Guthrie, Oklahoma, on said date, and the court found, as a matter of fact, and so states in its decree, entered on the 29th day of July, 1895, that the defendant, Mattie R. Caswell, had received a copy of the complaint, and that said copy was delivered to her, more than fifteen days before the cause was set down for trial. The court also found and likewise states in the decree respecting the published notice as follows: "which notice was in due and proper form, and which notice was published for four consecutive weeks in the Oklahoma Leader, a weekly newspaper printed and published in the City of Guthrie in the Territory of Oklahoma the last of which publications was made more than thirty days before this cause was set down for trial on the docket of this court." The District Court of Logan County, Oklahoma, has, therefore, passed upon these jurisdictional facts and has found them to exist in favor of its jurisdiction. That court being a court of general jurisdiction with authority to entertain suits for divorce, a presumption exists in favor of the correctness of its finding on the jurisdictional facts.

A copy of the deposition of one John J. Cain, taken in Parkersburg on behalf of the plaintiff and filed in the suit in Oklahoma, is all the evidence appearing in the record on

which the court based its decree, and it is contended by plaintiff's counsel in this suit that said deposition fails to prove certain jurisdictional facts, that it does not prove W. S. Caswell was then, nor how long prior to the time he brought his suit for divorce, he had been a resident of Oklahoma. The deposition is silent as to where said Caswell then resided. But said Caswell himself made affidavit to his petition, or bill, which stated that he was then and had been, for more than ninety days prior thereto, a resident of the Territory of Oklahoma, and the record does not contradict this fact. The deponent does prove that Mattie R. Caswell then resided in Parkersburg, West Virginia, that she left W. S. Caswell fifteen or sixteen months prior to the time he gave his testimony, and that they had been living separate and apart for fifteen months or more. Abandonment for a year is cause for divorce under the laws of Oklahoma. Moreover, it does not appear that this deposition is all the evidence the court heard; other evidence, *ore tenus,* may have been taken by the court, according to the laws of Oklahoma.

Counsel insist that W. S. Caswell practiced a fraud upon the Oklahoma court, by claiming to be a *bona fide* resident of that territory when, as a matter of fact, he was all the time a resident of Parkersburg, West Virginia. A sufficient answer to this contention is that it does not so appear from the certified copy of the proceedings of the Oklahoma court. Exceptions to an answer, being somewhat analogous to a demurrer to a bill, admits the truth of the averments in the answer. The exception is tantamount to saying that the averment in the answer, if true, constitutes no defense to the bill. *Blair* v. *Core,* 20 W. Va. 265; and *Keys Planing Mill Co.* v. *Kirkbridge,* 114 Va. 58.

If, however, the exhibits filed to support the averments of the answer, in fact, contradict them, the former will generally be taken as true. *Board of Education of Flatwoods Dist.* v. *Berry,* 62 W. Va. 433; *Richardson* v. *Ebert,* 61 W. Va. 523; *Atlantic Terra Cotta Co.* v. *Moore Construction Co.,* 73 W. Va. 449; and *Freeman* v. *Carnegie Natural Gas Co.,* 74 W. Va. 83.

The copy of the proceedings from the district court of Logan county, Oklahoma, being duly and properly certified, and it not appearing therefrom that the court was without jurisdiction, and the decree being such as is entitled to full faith and credit in the courts of that territory, now the State of Oklahoma, the policy of our law as declared in section 19 of chapter 130, Code, entitles it to the same faith and credit in the courts of this state. *Haddock* v. *Haddock,* 201 U. S. 562, on which plaintiff relies, does not determine the law of this State. That was a case which went up from the Court of Appeals of the State of New York, and the decision therein turned upon the policy of that state, which was not to recognize as binding upon one of its citizens a decree of divorce obtained in a court of a sister state, upon a service of process by order of publication, when it appeared that the parties had never cohabited as man and wife in the state wherein the divorce was decreed. It was held in that case, by a divided court, that Sec. 1 of Art. IV of the Constitution, requiring the courts of each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state, did not compel a state court, in violation of the state's own policy, to give full faith and credit to a default decree of divorce, based upon an order of publication, when it appeared there had been no matrimonial residence of the parties in the state wherein the divorce was obtained. But the policy of our state, as shown by the statute above referred to, differs from the policy of the State of New York. No lack of jurisdiction in the Oklahoma court appearing, our conclusion is that the lower court properly overruled the first exception to defendant's answer. *Beach* v. *Beach,* decided by the Oklahoma Supreme Court, reported in 46 Pac. 514, on which plaintiff also relies, has no application to the points arising on this certificate. That was a direct appeal from the lower court, and the defendant therein had appeared and answered the petition. A collateral attack of the decree is not there involved.

The second exception to the answer, however, should have been sustained. Because it appears from the averments of

the answer and a copy of W. S. Caswell's will exhibited
therewith, that the testator made no provision whatever for
Matttie R. Caswell in his will. He made no gift to her in lieu
of dower. The will simply expressed testator's intention
*not to give her anything* more than he had previously given
her. The $750.00 annuity mentioned in his will is a settle-
ment which he had made upon her in his lifetime, for which
his estate was already bound. We, therefore, reverse in
part and affirm in part the rulings of the lower court and will
order our decision certified back to the circuit court of
Wood county.

  *Reversed in part.  Affirmed in part.  Certified back to
  Circuit Court.*