## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeremy B. Vaughn,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-0183** (McDowell County 21-C-49)

**Ryan J. Flanigan and Flanigan Law Office,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jeremy B. Vaughn appeals the February 9, 2022, order[1] of the Circuit Court of McDowell County granting Respondents Ryan J. Flanigan and Flanigan Law Office's motion to dismiss petitioner's legal malpractice action against them.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Respondents represented petitioner before the Office of Administrative Hearings ("OAH"),

_____

[1]The circuit court initially dismissed petitioner's legal malpractice action on December 7, 2021. However, we do not find that the December 7, 2021, order was a final order because the circuit court at the November 15, 2021, hearing permitted petitioner to supplement his response to the motion, stating that, thereafter, it would reconsider its dismissal of his action. As we have held,

> [u]nder [West Virginia Code §] 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

Syl. Pt. 3, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995). We further have held that, "[a]s long as a circuit court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Syl. Pt. 4, *Hubbard v. State Farm Indemnity Co.*, 213 W. Va. 542, 584 S.E.2d 176 (2003). Accordingly, we consider the rulings in the circuit court's December 7, 2021, and February 9, 2022, orders together because, "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders." *Riffe v. Armstrong*, 197 W. Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds*, *Moats v. Preston Cty. Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999).

[2]Petitioner is self-represented. Respondents appear by counsel Arie M. Spitz, Kevin A. Nelson, and Cassandra L. Harkins.

which affirmed the revocation of his driver's license for driving under the influence of controlled substances ("DUI"). According to the OAH's decision, following petitioner's arrest, the investigating officer transported him to Welch Community Hospital for a blood draw, and the West Virginia State Police Laboratory later analyzed petitioner's blood sample and found "no positive findings of toxicological significance." Following petitioner's release from custody, he obtained a urine test, which also showed no drugs in his system.

On petitioner's behalf, respondents submitted the results of the blood and urine tests to the OAH, which admitted them into evidence. The OAH refused to consider the blood test results "because they were not accompanied by an affidavit of the person that drew the blood," and it gave no weight to the urine test results because that sample was taken "more than 4 hours after the time of [petitioner's] arrest." However, the OAH noted that, under the preponderance of the evidence standard utilized in administrative revocation proceedings, it could find petitioner DUI without a chemical sobriety test showing controlled substances in his system. Rather, evidence that petitioner consumed controlled substances and exhibited symptoms of intoxication constituted sufficient proof of DUI. Accordingly, in its September 12, 2019, decision affirming the revocation of petitioner's driver's license, the OAH found that, during the traffic stop that led to his arrest, he "admitted to ingesting oxycodone and diazepam" and failed the standardized sobriety tests. The OAH further found that, at the administrative hearing, petitioner testified less credibly than the investigating officer about whether he was DUI when the officer stopped him.

On September 7, 2021, petitioner filed the instant legal malpractice action against respondents in the Circuit Court of McDowell County. In his complaint, petitioner focused on the blood test results and incorrectly asserted that respondents "failed to get the results of the blood test admitted into evidence." On September 28, 2021, respondents filed a motion to dismiss petitioner's action, arguing that the OAH's decision showed that the blood test results were admitted into evidence. At a November 15, 2021, hearing, the circuit court allowed petitioner to proceed with the modified allegation that, while the blood test results were admitted into evidence, respondents' failure to have the OAH consider the blood test results led to the OAH's affirmation of the revocation of petitioner's driver's license. The circuit court further provided petitioner the opportunity to file a supplemental response to respondents' motion.[3] At petitioner's request, the circuit court, by order entered on December 7, 2021, extended the time petitioner had to file supplemental response until January 12, 2021. Petitioner thereafter filed the supplemental response on January 3, 2022. The circuit court, by order entered on February 7, 2022, granted respondents' motion to dismiss petitioner's legal malpractice action.

We review the dismissal of petitioner's action de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Rule 12(b)(6) of the West Virginia Rules of Civil Procedure provides that an action may be dismissed for a "failure to state a claim upon which relief can be granted." "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to [the] plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978). Nevertheless, "[i]f a plaintiff does not plead all of the essential elements of his or her legal claim,

---

[3]Petitioner filed his initial response to the motion to dismiss on October 7, 2021.

2

a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6).” *Newton v. Morgantown Machine & Hydraulics of W. Va., Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019) (quoting Louis J. Palmer, Jr. and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, 406-07 (5th ed. 2017)) (internal quotations and citation omitted).

On appeal, petitioner argues that the circuit court failed to construe the complaint in his favor. Respondents counter that the circuit court properly granted their motion to dismiss. We agree with respondents.

“Generally, in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney’s employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff.” Syl. Pt. 1, *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). It is undisputed that an attorney-client relationship existed between the parties. Contrary to petitioner’s argument, the circuit court took his allegation that respondents were negligent as true in its analysis. However, the circuit court still found petitioner’s action against respondent should be dismissed because it (1) treated the OAH’s decision as integral to the complaint, and, therefore, (2) found that petitioner did not sufficiently allege that respondents’ presumed negligence in failing to have the OAH consider the blood test results caused the OAH’s affirmation of the revocation of petitioner’s driver’s license.

“In an attorney malpractice action, proof of the attorney’s negligence alone is insufficient to warrant recovery; it must also appear that the client’s damages are the direct and proximate result of such negligence.” Syl. Pt. 3, *Calvert*, 217 W. Va. at 685, 619 S.E.2d at 198 (quoting Syl. Pt. 2, *Keister v. Talbott*, 182 W. Va. 745, 391 S.E.2d 895 (1990)). In *Keister*, we found that, if an attorney fails to perform an act, the test for proximate cause in a malpractice action is “whether performance of that act would have prevented the damage.” 182 W. Va. at 750, 391 S.E.2d at 900 (internal quotations and citations omitted).While the OAH did not consider the negative blood test results for the reason it gave,[4] the OAH found petitioner DUI because (a) the evidence showing that petitioner consumed controlled substances and exhibited symptoms of intoxication constituted sufficient proof of DUI pursuant to the preponderance of the evidence standard utilized in administrative revocation proceedings;[5] and (b) there was no requirement that a chemical sobriety test show the presence of controlled substances in petitioner’s system. In Syllabus Point 4 of *Coll v. Cline*, 202 W. Va. 599, 505 S.E.2d 662 (1999), we specifically held that the DUI statutes do not require “the administration of a chemical sobriety test in order to prove that a motorist was [DUI] for purposes of making an administrative revocation of his or her driver’s license.”

[4]Petitioner does not argue that the OAH erred in finding that the blood test results should not be considered due to the absence of an affidavit from the person who drew petitioner’s blood.

[5]In Syllabus Point 2 of *Albrecht v. State*, 173 W. Va. 268, 314 S.E.2d 859 (1984), we held that, “[w]here there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed [controlled substances], this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver’s license for [DUI].”

3

Furthermore, "[e]xhibits filed in support of a pleading are considered parts thereof, and, if they contradict the matters alleged, will control." Syl. Pt. 5, *Caswell v. Caswell*, 84 W. Va. 575, 100 S.E. 482 (1919). While not filed as an exhibit to petitioner's complaint, he concedes that the circuit court properly considered the OAH's decision to be a part of the complaint. We recently held that,

> [w]hen a movant makes a motion to dismiss a pleading pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and attaches to the motion a document that is outside of the pleading, a court may consider the document . . . if (1) the pleading implicitly or explicitly refers to the document; (2) the document is integral to the pleading's allegations; and (3) no party questions the authenticity of the document.

Syl. Pt. 6, in part, *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 854 S.E.2d 870 (2020). Based upon our review of the complaint and the transcript of the November 15, 2021, hearing, at which this issue was discussed, we accept petitioner's concession and find that the circuit court properly treated the OAH's decision as integral to the complaint.[6]

Accordingly, as the OAH's decision makes clear, the OAH would have found petitioner DUI even if it had considered the blood test results based upon the weight of evidence showing that he was, in fact, impaired. Thus, we concur with the circuit court's finding that, "[w]hen [petitioner]'s [c]omplaint is assessed along with the [OAH's decision], . . . [the] [c]omplaint does not, and cannot, allege sufficient facts to support the third element of a legal malpractice cause of action: that [respondents'] negligence resulted in and was the proximate cause" of the OAH's affirmation of the revocation of petitioner's driver's license. (Emphasis omitted). Therefore, we conclude that the circuit court did not err in dismissing petitioner's legal malpractice action.

---

[6]In petitioner's supplemental response, he argued that the circuit court should also have treated as integral to the complaint a December 3, 2021, affidavit from the attorney he retained to represent him in his "pending" appeal from the OAH's decision that petitioner attached to his supplemental response. In that affidavit, petitioner's appellate attorney states that respondents' "inactions" caused the OAH "not [to] admit" the blood test results—a factual assertion that petitioner now concedes was erroneous. Nevertheless, on appeal, petitioner argues that the circuit court failed to consider his appellate attorney's belief that respondents were negligent. However, the circuit court specifically found that petitioner "[did] not present any new arguments" in his supplemental response. Petitioner previously alleged in the complaint that his appellate attorney believed that respondents negligently performed before the OAH, and, for the purposes of deciding the motion to dismiss, the circuit court assumed that respondents' failure to have the OAH consider the blood test results constituted negligence. Therefore, assuming arguendo that the circuit court's failure to directly reference the affidavit of petitioner's appellate attorney constitutes error, we find that any such error was harmless as it did not adversely affect petitioner's substantial rights. *See* W. Va. R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

For the foregoing reasons, we affirm the circuit court's February 9, 2022, order.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

Wooton, Justice, dissenting:

I would have set this case for oral argument on the Rule 19 docket to thoroughly examine the assigned error raised by petitioner Jeremy B. Vaughn, a self-represented litigant, in regard to whether the circuit court erred in dismissing his case in light of the well-established law in this State that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See* Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) ("The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Having reviewed the parties' briefs and the issue raised therein, I believe a formal opinion of this Court was warranted – not a memorandum decision. Accordingly I respectfully dissent.

Petitioner was arrested for driving under the influence ("DUI") of controlled substances or drugs. A patrolman with the Bluefield Police Department pulled petitioner over for operating a vehicle with a nonfunctioning headlight. After approaching the car, the officer noticed that petitioner's speech was slurred, he had blood shot eyes, and was talkative. Petitioner told the officer he was taking oxycodone and diazepam. Petitioner failed the three standardized field

sobriety tests, which included the horizontal gaze nystagmus test, the one-leg-stand test, and the walk-and-turn test. Critically, petitioner was transported to a hospital for a blood draw and the West Virginia State Police Laboratory determined that petitioner's blood sample was negative for any controlled substances – "no positive findings of toxicological significance." Following his release from custody (after about four hours), petitioner also obtained a urine test which also showed no signs of drugs. Petitioner ultimately pled guilty to reckless driving in exchange for the dismissal of the DUI charge. The Department of Motor Vehicles ("DMV") license revoked his driver's license for driving under the influence of controlled substances or drugs.

Petitioner hired respondents Ryan J. Flanigan and the Flanigan Law Office to represent him in the appeal of his administrative license revocation before the Office of Administrative Hearings ("OAH"). At petitioner's hearing before the OAH, respondent Mr. Flanigan submitted the blood test results and urine test results and the OAH admitted the results in evidence. However, the OAH refused to consider the blood test results "because they were not accompanied by an affidavit of the person that drew the blood"[1] and afforded no weight to the urine test results because that sample was taken more than four hours after petitioner's the time of [petitioner's] arrest." Regardless of the negative blood test results that the OAH refused to consider, it found that the evidence showed petitioner was DUI and that it could find him DUI without chemical sobriety test results. Specifically, the OAH expressed that a chemical sobriety test is not required to prove a motorist was DUI for purposes of an administrative revocation. The OAH found that petitioner admitted to taking oxycodone and diazepam and failed standard sobriety testing. Thus, the OAH affirmed the revocation of petitioner's license.

Petitioner filed a complaint alleging attorney malpractice. He alleged that respondents negligently represented him by failing to admit his blood test results and urine test results into evidence at the OAH hearing, which was in violation of "the customary standard of care for lawyers in West Virginia under similar circumstances" and "amount[s] to negligence[.]"

Respondents filed a motion to dismiss petitioner's complaint for failure to state a claim because the sole allegation of negligence – that petitioner's blood and alcohol tests were not admitted into evidence – was untrue as the test results were admitted into evidence but the OAH refused to consider the blood test results due to the lack of an affidavit. Respondents further argued that the OAH had determined that a preponderance of the evidence showed that petitioner operated a vehicle while DUI. Petitioner responded to the motion, conceding that the subject test results were admitted into evidence but alleged that respondents' failure to submit the blood tests with an affidavit amounted to negligence even though this was not alleged in the complaint. A hearing was held on respondents' motion and the circuit court determined that the motion should be granted. The court found that even if the OAH had considered the blood test results, it would have not changed the decision of the OAH.

To assert a legal malpractice claim, petitioner needed to allege "three things in order to

---

[1] *See* W. Va. Code § 17C-5-4(h) ("[o]nly the person actually administering or conducting a test conducted pursuant to this article is competent to testify as to the results and veracity of the test.").

recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Syl. Pt. 1, *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). It is undisputed that an attorney-client relationship existed between the parties, and the circuit court took as true petitioner's allegation that respondents were negligent. Thus, the only remaining element is whether the failure of the OAH to consider the negative blood test results was the proximate cause of the OAH's decision to affirm petitioner's license revocation.

In this regard, as previously mentioned, a motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Here there is a legitimate, reasonable question as to the proximate cause of the OAH's decision. Petitioner correctly argues before this Court that if a chemical test is administered, the OAH "must consider the results of that test in making his or her revocation decision." *Coll v. Cline*, 202 W. Va. 599, 610, 505 S.E.2d 662, 673 (1999). Moreover, this Court recently held in syllabus point four of *Casto v. Frazier*, 248 W. Va. 554, 889 S.E.2d 276 (2023), that "[a] person is 'under the influence' if the person (1) consumed, used, took, or ingested alcohol, controlled substances, or drugs and (2) the alcohol, controlled substances, drugs, or any combination thereof impaired the person's ability to operate a motor vehicle with ordinary care." Fundamentally, respondents' conduct in failing to have the OAH consider petitioner's negative blood test result directly affected this case; the burden of proof was on the DMV to show that petitioner was "under the influence" of a controlled substance and that the controlled substance impaired his ability to operate a motor vehicle. *See id.* Here, the OAH's refusal to consider the blood test results because of the lack of an affidavit effectively rendered the test results a nullity and allowed the DMV to carry its burden of proving that petitioner "consumed, used, took, or ingested . . . controlled substances, or drugs," *see id.*, by relying solely on the what the officer observed. Had the OAH actually considered the negative blood test results, the outcome of this case should have been different. Thus, whether the lack of test results before the OAH was the proximate cause of the OAH's decision is exactly the kind of factual inquiry better left for a jury's consideration. *See* Syl. Pt. 14, *Marcus v. Staubs*, 230 W. Va. 127, 736 S.E.2d 360 (2012) (holding that questions of negligence and proximate cause are generally for a jury "where the evidence is conflicting or when the facts, thought undisputed, are such that reasonable men draw different conclusions from them."). Petitioner states that he was without a driver's license for over 800 days. He denies that he was using drugs or alcohol the night of his arrest and the blood test results supports that fact. He claims that he has lost wages, opportunities for promotion, lost benefits, and damage to his reputation. Succinctly stated, petitioner has alleged sufficient facts to defeat respondents' motion to dismiss and the circuit court erred in dismissing petitioner's legal malpractice action at this stage of the proceeding.

For all the forgoing reasons, I respectfully dissent.