## Hiram Nichols's Estate.   James Nichols's Appeal.

*Will—Probate—Appeal from register of wills—Statute of limitations.*

A decree of a probate of a will is conclusive as to personalty after three years, and as to real estate after five years; and the mere fact that there is an undisposed of caveat pending before the register of wills during this time does not affect the rule.

Argued Feb. 26, 1896. Appeal, No. 10, Jan. T., 1896, by James Nichols, from decree of O. C. Lackawanna Co., dismissing petition for appeal from register of wills. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ. Affirmed.

Petition for an appeal from register of wills.

The petition of James Nichols alleged that decedent died on

the 29th day of September, 1886, leaving petitioner with other children to survive him; that on October 5, 1886, the petitioner filed a caveat with the register of wills against the probate of any paper purporting to be the will of Hiram Nichols, deceased; that on October 6, 1886, the register admitted to probate a paper alleged to be the will of Hiram Nichols.    The prayer of the petitioner was that a citation might be issued directed to the parties in interest, commanding them to appear in court and show cause why the said decision of the register should not be reversed, and why the probating of the alleged will and the letters. granted thereon should not be revoked; and directing also to W. S. Hopkins, Esq., register of wills, commanding him to produce in this court the records and files in his office made and entered concerning the matter aforesaid.

The answer of J. H. Hopkins, deputy register of wills, was as follows :

That he was subpœnaed to produce the caveat filed against the probate of the will of Hiram Nichols on the 5th day of October, 1886, on a rule to take depositions at the office of Hulslander and Vosburg in the above estate, and was there sworn and stated that he had made diligent search for the said caveat and that it could not be found; that he had been requested to search for it on several different occasions by James Nichols, and that he did search for it at the time he was deputy register, six years ago, but that at no time was he able to find it until searching for it on the 20th day of July, 1895, he found it among old files belonging to another estate in the register's office, and the same is returned to this court with the other files belonging to said estate in obedience to said citation.

The court filed the following opinion :

The petition for appeal shows that the will was probated October 6, 1886.    The proceedings from which this appeal is sought to be taken were for the purpose of calling that decree in question, and that is the purpose here.    This is too late. The decree of probate is conclusive as to personalty after three years, and as to real estate after five.    The mere fact that there was an undisposed-of caveat pending before the register during this time does not affect this.

The caveator was bound to move upon his caveat within a proper time or it became ineffective ; in fact the probate dis-

posed of it right or wrong.   That probate certainly was not void, however irregular.   The petition for an appeal is dismissed.

*Error assigned* was decree dismissing petition.

*A. A. Vosburg, W. S. Hulslander* with him, for appellant.— The office of this caveat is to arrest the proceedings until the truth of the facts alleged or affecting the validity of the will can be determined: Miller's App., 166 Pa. 97.

It is well settled law that when a will is presented, against the probate of which a caveat has been filed, it is the duty of the register to give notice to the caveator: 1 Rhone's Or. Court Pr. 736 ; Ottinger v. Ottinger, 17 S. & R. 142.

Every decree is void that has been rendered without notice : 1 Rhone's Or. Court Pr. 582 ; Owen's App., 78 Pa. 511; Ragan's Est., 7 W. 438 ; Richards v. Rote, 68 Pa. 248 ; Com. v. Green, 4 Wh. 531; act of March 28, 1832.

If the decree or any part thereof be void, it will be set aside, although the period for review has long expired : 1 Rhone's Or. Court Pr. 579; Kane's App., 11 W. N. C. 554; Young's App., 99 Pa. 74.

There is no act of assembly in Pennsylvania which requires a hearing to be had on a caveat filed, within any definite length of time : Act of April 22, 1856, P. L. 533; Miller's App., 166 Pa. 97.

It cannot be said that the caveator is estopped, because an estoppel will never be allowed where it would work injustice, or fail to protect the innocent: Mills v. Graves, 38 Ill. 455; Brubaker v. Okeson, 36 Pa. 519; Miller's App., 159 Pa. 562.

*R. H. Holgate, B. F. Akerley* and *Lemuel Amerman*, for appellee, were not heard, but argued in their printed brief.—A register of wills is not required to direct an issue to the court of common pleas, in all cases where a caveat is entered against the admission to probate of testamentary writings.   He may hear testimony, both for and against their admission to probate, and he may then, in the exercise of a legal discretion, decide upon it, or refer it to a jury, and his decision may be examined on appeal: Wikoff's App., 15 Pa. 281; Miller's App., 166 Pa. 97.

The decision of the register in the first instance is conclusive,

and if unappealed from by the party aggrieved, he is concluded: Shermer's App., 44 Pa. 396; Ottinger v. Ottinger, 17 S. & R. 142; Hegarty's App., 75 Pa. 503; Shepard's Est., 170 Pa. 323.

As to personal estate the probate unappealed from is conclusive : Holliday v. Ward, 19 Pa. 485.

As to real estate prior to the act of April 22, 1856, the probate of the will was only prima facie evidence of its validity, but since that act, a probate unappealed from is conclusive upon all persons, and during these five years its validity can be attacked only by caveat and appeal: Warfield v. Fox, 53 Pa. 382; Wilson v. Gaston, 92 Pa. 207; McCort's App., 98 Pa. 33 ; Broe v. Boyle, 108 Pa. 76 ; McCay v. Clayton, 119 Pa. 133.

PER CURIAM, March 16, 1896 :

In the court below, this was a petition, presented to it on July 2, 1895, for an appeal from the action of the register of wills, admitting to probate, on October 6, 1886, the will of Hiram Nichols, deceased. The purpose of that appeal was to call in question and set aside the decree of the register admitting the will to probate nearly nine years before. The petition was dismissed on the ground that it was too late; and thereupon the appeal now before us was taken.

As is clearly shown in the brief opinion of the court below, there is no merit in the appellant's case. For reasons given in that opinion the decree of the orphans' court is affirmed, and the appeal is dismissed with costs to be paid by the appellant.