## CHARLESTON.

Gus Tsutras *v.* W. R. Farrar, *Justice, et al.*

(No. 6666)

Submitted October 14, 1930. Decided October 21, 1930.

510

*W. H. D. Preece* and *W. T. Lovins,* for plaintiff in error.
*Hogg & Crawford,* for defendants in error.

MAXWELL, JUDGE:

The circuit court awarded a rule in prohibition on petition of relator (Tsutras), who seeks to prevent the enforcement of a judgment rendered against him in favor of respondent, Cantees, by respondent Farrar, a justice of the peace of Mingo County. Upon a hearing on the merits, the court dismissed the proceeding. Writ of error was awarded relator.

At the basis of the matter lies a disputed question of fact as to whether the parties to the action of Cantees v. Tsutras, when pending before the justice, agreed, upon submission of the case for decision after evidence taken and argument of counsel, that the justice might take more time in reaching a conclusion and rendering judgment than the twenty-four-hour period prescribed by section 114, chapter 50, Code. The pertinent part of that section reads: ''When the plaintiff dismisses his action (except in the case mentioned in the fifty-seventh section) or judgment is confessed, or the defendant is in custody, or property is held under attachment, judgment shall be entered without delay. In other cases judgment shall be entered within twenty-four hours (Sundays excepted) after the trial.''

The trial court's action in dismissing the proceeding necessarily involved a finding in the affirmative on the issue of fact as to whether there was an agreement as stated. There being very pointed evidence to sustain that finding, and the same not being at variance with a clear preponderance of the whole evidence, we must accept the finding as the basis of fact for decision here.

Thus the question of law: Can parties to an action pending before a justice of the peace agree that the justice may take longer than the statutory period of twenty-four hours for the purpose of rendering judgment? The statute says ''shall be entered''. This is interpreted to mean ''rendered'', our cases holding that if the justice announces the judgment within twenty-four hours, it may be entered in the docket thereafter.

*Packett Co.* v. *Bellville,* 55 W. Va. 560; *Cross* v. *Gall,* 65 W. Va. 276.

Parties to a civil proceeding may do many things by agreement, such as waiving process, accepting service of process, waiving the maturing of cases at rules, relaxing strict requirements of pleading and procedure; and may even waive questions of jurisdiction of their persons. But never can parties, by agreement, confer upon a court jurisdiction of subject matter. *Yates* v. *County Court,* 47 W. Va. 376.

If, therefore, an agreement between parties to an action in a justice's court does not affect the justice's jurisdiction of the subject matter, it should be upheld; but if it does affect such jurisdiction, the action of the justice in pursuance thereof is void.

The statute requires, ''judgment shall be entered within twenty-four hours.'' This is mandatory. ''The duty of rendering the judgment promptly, that is, within twenty-four hours, Sundays excepted, is absolute, and cannot be disregarded; but its entry is a clerical duty and may be made after the expiration of the twenty-four hours; and when so entered, if rendered within the proper time, it is valid until reversed or set aside.'' Hogg's Treatise and Forms, sec. 532. Does not the statutory requirement stand as though it stated in so many words that unless judgment is rendered by the justice in a civil case within twenty-four hours after it is submitted to him for decision, he shall not have authority to render judgment therein? Such seems to be the plain import of the statute. If so, the requirement is jurisdictional and cannot be waived by the parties. Though a court may have jurisdiction of the subject matter of a suit at the outset thereof, such jurisdiction may subsequently be lost, as by failure to act within the period of limitation fixed by statute. Such was the situation in *McVey* v. *Butcher,* 72 W. Va. 526, where a proceeding to set aside the probate of an authenticated copy of a foreign will was instituted within the period of five years prescribed by section 25, chapter 77, Code, but was not concluded within that period, the statute providing that an interested person ''may, within five years * * * have the order admitting the same set aside.'' The principle involved at bar is strongly analogous to the prin-

ciple recognized and employed in *Crowe* v. *Charles Town,* 62 W. Va. 91, which holds that there is no jurisdiction in a trial court to sign a bill of exceptions beyond the statutory period of thirty days following adjournment of the term of court where the matter arose, and that such jurisdiction cannot be conferred by consent of parties.

We are unable to obtain direct assistance from cases of other jurisdictions owing primarily to the variant statutory requirements on the subject under consideration. This will be illustrated by an examination of the opinion in *Colliar* v. *Houston,* (Mont.) 92 Pac. 476, wherein cases from numerous states are cited and discussed.

The plain legislative intent is to insure promptness in decisions by magistrates. A construction that would permit the extending of time by agreement would be subversive of the purpose of the Legislature. Although a judgment rendered without jurisdiction is void and may be so treated by all persons whether parties to the proceeding or not, and although a justice's docket would show a judgment to have been rendered much beyond the twenty-four hour limit fixed by the statute, the question whether such judgment was in fact void would always depend upon a controversial issue of fact as to whether the delay was predicated upon an agreement of the parties, for recitals in the docket itself would not be conclusive upon this point. This would tend to great confusion and uncertainty. On the other hand, if the plain import of the statute be upheld and judgments be required to be rendered in all cases (except enumerated cases where judgment shall be entered without delay) within twenty-four hours (Sundays excepted) the opportunity for confusion and uncertainty will be reduced to a minimum.

We therefore reverse the action of the circuit court in discharging the rule in prohibition and dismissing the proceedings. A writ of prohibition will be awarded here.

*Reversed and rendered.*