INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.*
JOHN D. SOLAZO

(CC 506)

Submitted January 29, 1935. Decided February 5, 1935.

*Wm. MacDonald,* for plaintiff.
*R. A. Welch,* for defendant.

MAXWELL, JUDGE:

The purpose of this inquiry is to determine the correctness of the trial court's action overruling demurrers to four pleas which were interposed to a declaration in debt based on a Pennsylvania judgment in favor of the plaintiff and against the defendant for $21,186.64.

The sufficiency of the declaration is not challenged.

The first plea is *nul tiel record.* This is the proper general issue plea in an action of this character. 34 Corpus Juris, p. 1098; 15 Ruling Case Law, p. 948; Hogg's Pl. & Forms (4th Ed.), pp. 264, 459; Burks Pl. & Pr. (3d Ed.), p. 160; 5 Ency. Pl. & Pr., p. 925; *Jackson* v. *Conrad,* 14 W. Va. 526. The plea filed being sufficient in both form and substance, the demurrer thereto was rightly overruled.

The first special plea avers that the judgment impleaded was based on so-called judgment notes and that the judgment includes $2,448.40 attorney's fee or commission of ten per centum of the face of the notes, and "that the collection of an attorney's commission as part of the face value of the note, is contrary to the law of the State of West Virginia, and can not be collected in this State." True, a provision of that kind in a note will not be enforced in this jurisdiction. *Campen* v. *Stewart,* 106 W. Va. 247, 145 S. E. 381. On the authority of that case, such inhibition or ban applies "not only to promissory notes payable in this state, but to all notes for which this state affords the forum for collection." However, at bar we are not dealing with a mere contract but with a judgment of another state. The situation is different. "The public acts or laws, records and judicial proceedings of a state are not susceptible of control or limitation by other states to the extent to which contracts are. A contract made in one state, to be performed in another, whose public policy it contravenes, need not be enforced by its courts; but the law of another state or judgment of its courts stands upon a higher footing." *Roller* v. *Murray,* 71 W. Va. 161, 167, 76 S. E. 172. Full faith and credit must be given to such judgment. U. S. Constitution, Art. IV, sec. 1; II Black on Judgments (2d Ed.), sec. 859; III Freeman on Judgments (5th Ed.), sec. 1357; 15 Ruling Case Law, pp. 924, 927. The

courts of this state cannot refuse full import to a judgment of a sister state on the ground that it involves an element not approved in this state, but sanctioned where the judgment was rendered. The plea does not present a defense to the action and should have been held insufficient on demurrer.

The second special plea presents a challenge to the Pennsylvania court's jurisdiction of the defendant when the judgment was rendered. Such defense to an action on a judgment of a sister state is proper. *Caswell* v. *Caswell,* 84 W. Va. 575, 100 S. E. 482; *Crumlish's Adm'r.* v. *Improvement Co.,* 38 W. Va. 390, 18 S. E. 456. This defense may not be made under the plea of *nul tiel record* but must be specially pleaded. *Bowler* v. *Huston,* (Va.) 30 Gratt. 266, 32 Am. Rep. 673. The plea is sufficient in form. The trial court properly approved it.

The third special plea purports to be a plea of fraud. It avers that both the entry of the judgment and the execution of the notes back of it were procured by fraud. So far as the execution of the notes is concerned, the matter is foreclosed by the Pennsylvania judgment. It is conclusive on the merits. In an action such as this there is no warrant of law for "going behind the judgment and re-examining the original cause of action." *D'Arcy* v. *Ketchum,* 11 Howard 165, 13 L. Ed. 648. Cf. *Black* v. *Smith,* 13 W. Va. 780; II Black on Judgments (2nd Ed.), secs. 857, 921; *Mills* v. *Duryee,* 7 Cranch 481, 3 L. Ed. 411. In respect of the averment of fraud in the procurement of the judgment the plea is inadequate because of total want of particularization; nothing appears beyond the bald assertion of fraud. A judgment of a sister state may be impeached on the ground that it was obtained by fraud. 15 Ruling Case Law, p. 935. But fraud must always be well pleaded, not merely asserted in broad generality. It must be distinctly and particularly alleged. *Finance Co.* v. *Schroder,* 74 W. Va. 67, 71, 81 S. E. 552; *Kimmel* v. *Coal & Mining Co.,* 97 W. Va. 154, 157, 124 S. E. 661. The plea should have been rejected.

We are of opinion that the circuit court acted without error in overruling the demurrer to the *nul tiel record* plea and

to the special plea of jurisdiction, but that it erred in over-ruling the demurrer to special pleas numbers one and three. We thus respond to the certification.

*Affirmed in part; reversed in part.*