SARAH MARCUM

*v.*

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

(No. 10195)

Submitted Feb. 1, 1950. Decided March 21, 1950.

*J. Floyd Harrison,* and *Kenneth E. Hines,* for plaintiff in error.

*Fitzpatrick, Strickling, Marshall & Huddleston, Edmund A. Marshall* and *O. Jennings Rife, Jr.,* for defendant in error.

Lovins, President:

In an action in assumpsit instituted in the Circuit Court of Wayne County by Sarah Marcum, plaintiff, against State Automobile Mutual Insurance Company, a corporation, defendant, after all the evidence had been introduced, the trial court, on motion of defendant, directed a verdict for defendant; overruled plaintiff's motion to strike defendant's evidence; overruled a motion to enter judgment for plaintiff, notwithstanding the verdict; overruled a motion to set aside the verdict; and entered judgment for defendant. On petition of plaintiff, this Court granted a writ of error.

The facts disclosed by this record are that defendant issued a policy of automobile insurance to Chester Warnock against liability for bodily injury in the amount of ten thousand dollars for each person. The policy which was issued to Warnock defined the word "insured" as follows: "The unqualified word 'insured' whenever used in coverages A and B and in other parts of the policy, when applicable to such coverages, including the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the use of the automobile is with the permission of the named insured."

The insurance policy covered a 1936 Graham automobile, kept by Warnock in a garage in the City of Ashland, Kentucky, said Warnock being a taxi driver residing in that city. Warnock and Oliver Chadwick, on or about the 24th day of November, 1945, were attempting to negotiate an exchange of said automobile for one owned by Chadwick. In furtherance of such negotiations, Warnock au-

thorized Chadwick to take the Graham automobile and drive it. Chadwick, about nine o'clock of that day, took charge of the automobile and drove it to various places in the States of Kentucky, Ohio and West Virginia. About 11:30 p. m. of the same day, Chadwick, while driving Warnock's automobile, struck and injured several pedestrians, including Sarah Marcum, and killed one or more other persons. The accident occurred in Wayne County, West Virginia. Chadwick then proceeded to Ashland, Kentucky, where he went to the home of Warnock and informed him of the accident about 1:30 in the morning of November 25, 1945, requesting Warnock to claim that the automobile had been stolen. Shortly after giving information of the accident to Warnock, Chadwick and Warnock were arrested, and taken to the jail in Wayne County, West Virginia. During the course of the criminal actions against Chadwick and Warnock, they were served with process commencing an action at law against them for the injuries inflicted upon Sarah Marcum, plaintiff herein.

Upon motion of Warnock and Chadwick the service of the summons commencing that action was quashed and the action dismissed. The record discloses that counsel, representing them at the direction of the insurance company, advised them after the dismissal of the first action that, if Chadwick and Warnock would not return from Kentucky to West Virginia, which course of action counsel deemed advisable, it would be necessary for the plaintiff to go to the State of Kentucky for the purpose of commencing an action. Chadwick was tried, convicted and sentenced on a charge of involuntary manslaughter, but afterwards was admitted to probation.

It seems that Chadwick, while on probation, was employed by his mother in the business of operating a delivery service. In the course of the operation of that business, Chadwick sent a truck and driver from Ashland, Kentucky, to Huntington, West Virginia, for the purpose of returning certain materials from the latter city. On the return trip from Huntington the truck, which was

operated by one Fannin, simulated a breakdown at or near the home of the Sheriff of Wayne County. Fannin thereupon called Chadwick, who procured the services of Warnock as a taxi driver, who drove him to the point where the truck was located in Wayne County, and while there Warnock and Chadwick were served with process commencing a second action against them for the recovery of damages on account of the injury to plaintiff, Sarah Marcum. Although it is denied by Chadwick, the testimony of Fannin and the sheriff is clear that, in fact, the truck did not break down, and Chadwick, having forewarned the Sheriff of Wayne County of his intentions, took that method to secure the presence of Warnock in Wayne County and to submit himself to service of process in the action wherein the judgment was rendered on which this action is predicated. This record is devoid of evidence indicating that Sarah Marcum had knowledge of or took any part in the actions whereby service of process was obtained upon Warnock and Chadwick.

The record is not clear as to the disposition of the second action with respect to Warnock, but it suffices to say that no judgment resulted against Warnock from that action. However, a verdict and judgment in the sum of six thousand dollars were returned and rendered against Chadwick and an execution was issued thereon and returned "No property found". The defendant arranged for the defense of Chadwick and Warnock to that action, after having served upon Chadwick notice of reservation of rights to the effect that "the Company will proceed to defend said suit pending against you through its regular attorneys and will pay its said attorneys for all services in connection therewith, but the Company in undertaking your defense does so under a reservation of rights and without prejudice, and subject to the Conditions, Limitations, and Agreements of said policy and endorsements attached thereto so issued by the Company, and subject to the express understanding that by so doing, the Company does not waive any of its rights to rely upon the provisions of said policy, and endorsements attached

thereto, and does not waive any defense it may have to any claimed liability under said policy."

Thereafter this action was instituted against the defendant to recover the amount of the judgment rendered against Chadwick, it being alleged that he came within the definition of an "insured" since he was operating the automobile with the permission of Warnock, the owner and named insured.

Defendant filed specifications of defense, setting up as its defense the definition of "insured", hereinabove quoted, and the failure of the insured to comply with the cooperation clause contained in the policy, which is as follows:

"17. ASSISTANCE AND COOPERATION OF THE INSURED. COVERAGES A, B, D, E-1, E-2, E-3, E-4, F, G-1, H, J, and K. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

At the conclusion of the testimony, as above stated, the trial court directed a verdict for the defendant on the ground that Chadwick and the insured, under the terms of the policy, had failed to cooperate with the insurer.

It is contended by plaintiff that even if Chadwick did submit to service of process and procure the presence of Warnock in West Virginia for the same purpose, it was a failure to cooperate upon an immaterial, inconsequential and nonprejudicial matter; that voluntary acceptance of the process does not amount to a failure to cooperate, nor relieve the insurer from liability under its contract; that service on Warnock, who was discharged from liability, and the statute permitting service of process on the Auditor of this State (Chapter 47, Acts of the Legislature,

1937, Regular Session) render the action of Chadwick in coming to West Virginia and procuring Warnock's presence in this State immaterial and nonprejudicial to the insurance company; and that defendant, through its counsel, gave misleading, incorrect and improper advice to Warnock and Chadwick and, in effect, requested them to evade responsibility for their acts in Wayne County, which advice was contrary to public policy, thus excusing Chadwick and Warnock from compliance with that request as a matter of law.

At the time of the accident causing the injury which resulted in the judgment complained of, Chadwick was an insured within the terms of the policy. It is not denied that he was operating the automobile covered by the policy. Therefore he owed the defendant the same duties to cooperate in the defense of the action as were imposed upon Warnock by the terms of the policy. His failure to properly cooperate would give unto the insurer the same right to avoid liability under the policy as it would have had against the named insured. See Annotations, 72 A. L. R., page 1429.

The only action complained of as constituting a breach of the co-operation clause is the action of Chadwick in coming into West Virginia, and causing Warnock to do so, for the purpose of enabling the Sheriff of Wayne County to serve process upon them commencing the action in that county. It is not questioned that the cause of action accrued in Wayne County and that Chadwick and Warnock were residents of the State of Kentucky. This being true, valid process commencing the action in Wayne County could have been had against Chadwick and Warnock by service of process on the Auditor of the State of West Virginia. Chapter 47, Acts of the Legislature, 1937, Regular Session.

Statutes authorizing such substituted service of process have been held constitutional. *Hess* v. *Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091. But the insurance company says that such conduct on the part of Chadwick was

contrary to its suggestion that the action could not be instituted in West Virginia unless process commencing the action was served upon the defendants in that action personally in West Virginia. While we are of the opinion that such erroneous advice would not constitute a waiver by the insurer of its right to avoid liability under the policy, we are also of the opinion that the insured was not bound to follow such advice and to avoid service of process in West Virginia. The well considered cases are almost unanimous in holding that a breach of the "co-operation clause", to constitute a basis of discharge of the insurer from liability, must be substantial and of such nature as to prejudice the insurer's rights. The rule is well stated in Huddy, Cyc. of Auto. Law (9th Ed.), Section 298, as follows:

> "What constitutes 'co-operation' within a policy requiring the assured to co-operate with the insurer in the defense of an action brought against him is usually a question of fact. It is not every failure to accede to the company's request for assistance that will have the effect of defeating the rights of the assured under his policy. Generally speaking, to constitute a breach of the co-operation provision of the contract, there must be a lack of co-operation by the assured in some material and substantial respect, and any formal, inconsequential, or collusive lack of co-operation will be immaterial. * * *".

See also 5 Am. Jur., Automobiles, Section 545; *MacClure* v. *Accident & Casualty Ins. Co.* (N. C.), 49 S. E. 2d 742; *Riggs* v. *New Jersey Fidelity & Plate Glass Co.* (Ore.), 270 P. 479; *Levy* v. *Indemnity Ins. Co. of North America* (La.), 8 So. 2d 774; *Associated Indemnity Corporation* v. *Davis*, 136 Fed. 2d 71 (3d C. C. A.); *State Farm Mut. Automobile Ins. Co.* v. *Koval*, 146 Fed. 2d 118 (10th C. C. A.); *State Automobile Ins. Co.* v. *York*, 104 Fed. 2d 730 (4th C. C. A.).

This Court considered a "Co-operation" provision in an insurance policy in *Roberts* v. *Insurance Co.*, 114 W. Va. 252, 171 S. E. 533. There the policy required the insured,

in event of accident, to render the insurer "all Co-operation and assistance in his power". The insured made false statements concerning the accident which "laid the ground work for collusive suits which followed * * *", necessitating the defense of such suits by the insurance company. Under the facts of that case it was clear that the breach of the condition was prejudicial to the defendant.

So far as disclosed by this record the insured testified and fully cooperated with the defendant on the trial of the action wherein the judgment against Chadwick was rendered. This action could have been prosecuted in the same court through substituted service. Therefore we do not think that the insurance company was prejudiced by the actions of Chadwick, and hold that the facts in this case do not establish any breach of the provisions referred to herein which would warrant the defendant in avoiding liability under the policy. It follows that the lower court erred in directing a verdict in favor of the defendant.

The judgment of the Circuit Court of Wayne County is reversed, the verdict set aside and plaintiff is awarded a new trial.

> *Judgment reversed;*
> *verdict set aside;*
> *new trial awarded.*