GEORGE A. PAULL

*v.*

O. H. COOK

(No. 10316)

Submitted April 24, 1951.   Decided May 22, 1951.

834

Lovins and Given, Judges, dissenting.

*Wm. J. Moore, Bloom, Bloom & Yard,* and *Jerome Hahn,* for plaintiff in error.

*Handlan, Garden, Matthews & Hess, W. W. Ingram,* for defendant in error.

Riley, Judge:

This is a notice of motion for judgment proceeding from the Circuit Court of Hancock County. The plaintiff, George A. Paull, a resident of Washington County, Pennsylvania, prosecutes error to the action of the circuit court in dismissing his notice of motion for judgment on

motion of the defendant, O. H. Cook, a resident of Hancock County, West Virginia, the circuit court having theretofore sustained the latter's demurrer to said notice of motion, and the plaintiff not desiring to amend.

The notice of motion was based on a judgment alleged to have been entered in favor of plaintiff, George A. Paull, on the 5th day of March, 1947, (*nunc pro tunc,* on. the 25th day of January, 1949), in the Court of Common Pleas in and for the County of Washington in the Commonwealth of Pennsylvania, said judgment being alleged to consist of $6,396.32 with interest from March 25, 1949.

The plaintiff, George A. Paull, and Cel M. Paull, his wife, jointly owned an automobile, which, while being driven by the former, collided with a motor vehicle driven by the defendant on a public highway in Washington County, Pennsylvania, on January 14, 1944.

This action was instituted in Washington County, Pennsylvania, under Pennsylvania's "Non Resident Motorist Statute" (Purdon's Pennsylvania Statutes Anno., Perm. Ed., Title 75, Vehicles, Chapter 4, Section 1201), process being served on the defendant by registered mail. See *Hess* v. *Pawloski,* 274 U. S. 352, 71 L. ed. 1091, 47 S. Ct. 632, upholding the constitutionality of the above statute. See also *Sipe* v. *Moyers,* 353 Pa. 75, 24 A. 2d 263; *State ex rel. Charette* v. *District Court of Second Judicial District in and for Silver Bow County,* 107 Mont. 489, 86 P. 2d 750; *Wax* v. *Van Marter,* 124 Pa. St. 573, 189 A. 537; *Employers' Liability Assurance Corporation, Ltd.* v. *Perkins,* 169 Md. 269, 181 A. 436.

In the Pennsylvania proceeding the Paulls filed a joint proceeding and the *ad damnum* clause thereof was to the effect that the plaintiff, George A. Paull, and Cel M. Paull, his wife,.claim of the defendant the sum of $289.00, and that George A. Paull, in his own right, claims of the defendant the sum of $5,000. A jury trial having been demanded in the petition, a jury was called on March 4, 1947. and on March 5, 1947, found that the defendant,

O. H. Cook, was guilty of negligence and awarded to plaintiff, George A. Paull, and Cel M. Paull, his wife, the sum of $6,000.00. Two days later, on March 7, 1947, and after the jury had been discharged, the *ad damnum* clause of their statement of claim on motion of plaintiffs was amended to read that plaintiffs claim of defendant, O. H. Cook, the sum of $289.00, and the plaintiff George A. Paull, in his own right, claims of the defendant, O. H. Cook, the sum of $6,000.00, in which statement of claim, as amended, a jury trial was requested, and on the same day the jury's verdict was amended to read: "And now, to-wit, March 5, 1947, we the jurors empaneled in the above-entitled case, find O. H. Cook, the defendant, guilty of negligence, and award the plaintiff, George A. Paull, the sum of $6,000.00."

On March 10, 1947, the prothonotary of Washington County, Pennsylvania, entered judgments on the original verdict in favor of George A. Paull and Cel M. Paull, his wife, against O. H. Cook for $6,000.00.

On October 23, 1948, the plaintiff, George A. Paull, served a notice of motion for judgment in the Circuit Court of Hancock County, based on the judgment of March 10, 1947, as the final judgment of the Court of Common Pleas of Washington County, Pennsylvania, which notice of motion for judgment was returnable to the Circuit Court of Hancock County, on November 20, 1948, in which proceeding by order of November 20, 1948, there was filed an exemplification of the record of the proceeding in Washington County, Pennsylvania, as "Plaintiff's Exhibit No. 1."

Thereafter on January 24, 1949, while the last-named motion for judgment was pending, and without dismissing the same or giving notice of any kind to the defendant, or his counsel in the West Virginia court, the plaintiff filed in the Court of Common Pleas of Washington County, Pennsylvania, a paper styled "Petition to Mold Verdict and Set Aside Verdict"; and the said court of

common pleas, evidently on the basis of said petition, entered the following order:

"And now, this 25th day of January, 1949, upon due consideration of the Petition herein presented and upon motion of Bloom & Bloom, Attorneys for the plaintiffs in the above entitled proceedings, it is hereby ordered, adjudged and decreed that the judgments entered by the Prothonotary of this County on March 10, 1947, in favor of George A. Paull and Cel M. Paull, his wife, against O. H. Cook, defendant, for the sum of six thousand ($6,000.00) dollars, is hereby set aside and stricken from the record and the Prothonotary, Robert Crawford, is hereby ordered to set aside the judgments so entered and strike the same from the record.

"It is further Ordered and Decreed that the Verdict in the above entitled proceeding be moulded and reformed Nunc Pro Tunc to read as follows:

"And now, to-wit, March 5, 1947, we the jurors impaneled in the above entitled case find O. H. Cook, the defendant, guilty of negligence and award the plaintiffs, George A. Paull and Cel M. Paull the sum of $289.00 and award the plaintiff in his own right, George A. Paull, the sum of $5711.00 and the Prothonotary is hereby Ordered to enter the said Verdict on the record in the above entitled proceedings.

"It is further Ordered and Decreed that the said Prothonotary, Robert Crawford, is hereby ordered to enter judgments upon the said verdict accordingly. Cummins, J."

Notwithstanding the pendency of the 1948 notice of motion for judgment, the defendant, O. H. Cook, was on the 15th day of March, 1949, served with two notices of motion for judgment, each returnable on April 12, 1949, the first at the instance of George A. Paull, and the second by George A. Paull and Cel M. Paull, in the amounts of $6,396.32 and $323.68, respectively, representing $5,711.00 and $289.00, totalling $6,000.00, with accumulated interest. On the return day plaintiff filed "Plaintiff's

Exhibit No. 1", together with a copy of the judgment and record, which had been previously filed in the 1948 motion for judgment proceeding, now marked as "Exhibit No. 2" in the second proceeding.

On April 12, 1949, the defendant filed separate demurrers, in which the validity of the Pennsylvania proceedings and the judgment thereon were challenged, and in which demurrers it was contended that the judgment sued on was void.

In the instant proceedings, i. e., *George A. Paull* v. *O. H. Cook,* the Circuit Court of Hancock County submitted a memorandum of opinion on June 25, 1949, which contains a finding sustaining the defendant's demurrer to the notice of motion for judgment, and after arguments and briefs were submitted by counsel for the parties, the circuit court rendered and submitted its "Memorandum of Opinion on Re-Argument", whereupon that court found again for the defendant.

The plaintiff, not desiring to amend his notice of motion for judgment, the circuit court on February 6, 1950, on defendant's motion, dismissed the instant notice of motion for judgment proceeding, and entered judgment for the defendant. It is to this judgment order that the instant writ of error and supersedeas is prosecuted.

The appraisement of this case involves only the question whether a judgment rendered by the Court of Common Pleas of Washington County, Pennsylvania, can on notice of motion for judgment be enforced in West Virginia courts, notwithstanding the procedure in that State is entirely different from the procedure in the State of West Virginia. It is necessary in the first instance in the discussion of this case to determine whether the Court of Common Pleas of Washington County is a court of general jurisdiction under Pennsylvania law, and if so any judgment which it renders need not state jurisdictional facts. If it is a court of limited jurisdiction in the State of Pennsylvania, the fact of its jurisdiction should be entered in every order and decree, so

as to bring the judgments of that court within the provisions of Article IV, Section 1 of the Constitution of the United States, which reads: "Full Faith and Credit shall be given in each state to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

As this Court determines the instant question and in reviewing the Pennsylvania law as to the enforcement of a judgment of a Court of Common Pleas of Pennsylvania in the State of West Virginia, we take the position that the Court of Common Pleas of Washington County is a court of general jurisdiction. Examination of Purdon's Pennsylvania Statutes Anno., Perm. Ed., Title 17, Courts, Section 251, would so indicate. It reads: "The courts of common pleas shall have jurisdiction and power within their respective counties to hear and determine all pleas, actions and suits, and causes, civil, personal, real and mixed, according to the Constitution and laws of this commonwealth; and the said courts shall have power to grant, under their judicial seals, all lawful writs and process necessary for the exercise of such jurisdiction: * * *".

The Court of Common Pleas of Washington County having general jurisdiction, and having had service on the defendant, O. H. Cook, by registered mail, as provided by Purdon's Pennsylvania Statutes Anno., Perm. Ed., Title 75, Vehicles, Section 1201, there was, under the case of *Hess* v. *Pawloski, supra,* and kindred cases, service of process upon the defendant, O. H. Cook; and under Rule No. 2078, titled "Venue", adopted July 3, 1942, by the Supreme Court of Pennsylvania under powers vested in that court, effective March 1, 1943, contained in Cumulative Annual Pocketpart, in Purdon's Pennsylvania Statutes Anno., Perm. Ed., Title 12, 1950, the Court of Common Pleas of Washington County had jurisdiction of the cause of action, because, as this record

discloses, the collision occurring between the plaintiffs' automobile and that driven by the defendant happened in Washington County, Pennsylvania. Subdivision "(a)" of the above Rule provides that: "An action of the class specified in rule 2077 (a) (1) shall be commenced in and only in: * * * (2) the county in which the cause of action arose." The portion of Rule 2077 referred to above provides that: "(a) The rules of this chapter apply to (1) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or who conceals his whereabouts;". While it may be true, as counsel for plaintiff in error assert, that under Pennsylvania law it is necessary that the defendant be sent a copy of the statement of claim, if only summons is served on the Secretary of the Commonwealth, and a copy thereof is not sent to the defendant, jurisdiction over the person of the defendant does not attach. This record, however, discloses, as we view it, that notice of service on the Secretary of the Commonwealth of Pennsylvania was addressed to and received by the defendant by registered mail. It necessarily follows from what we have said that the Court of Common Pleas of Washington County, Pennsylvania, whether it was right or wrong in what it did in the premises, as disclosed by this record, was a court of Pennsylvania having general jurisdiction, which had jurisdiction of the cause of action and of the person. In the variety of the many amendments, both of the petition and the verdict, this Court is convinced that if such practice is allowed to prevail it may forever destroy the finality of judgments and the integrity of jury trials, which will not be tolerated in this State. But, at the same time, the matters disclosed by this record are clearly within the procedural rules which prevail in the courts of the State of Pennsylvania, and being procedural they involve no question of jurisdiction. The only jurisdictional questions involved in this case are whether the Court of Common Pleas of Washington County, Pennsylvania, is (1) a court of general jurisdiction; (2) whether it had

jurisdiction of the cause of action; and (3) whether it had jurisdiction of the person. We have answered the first question by inviting attention to Section 251, Purdon's Pennsylvania Statutes Anno., Perm. Ed., Title 17, Courts, which clearly indicates that the court of common pleas is a court of general jurisdiction. The second question has been answered by our reference to Rules Nos. 2077 and 2078, found and referred to in Purdon's Pennsylvania Statutes Anno., Perm. Ed., which indicate that the court had jurisdiction of the cause of action; and the third question is answered by reference to the case of *Hess* v. *Pawloski, supra,* which indicates that said court had jurisdiction of the person of the defendant.

So we have the judgment of a court of general jurisdiction of the Commonwealth of Pennsylvania, having jurisdiction both of the cause of action and the person.

"Section 687 of 28 U.S.C. [28 U.S.C.A. §1738] provides that the record and judicial proceedings covered thereby 'shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken.' " The Supreme Court and Full Faith and Credit, Vol. XXIX, Virginia Law Review, 557, 570. The Supreme Court of the United States in *Embry* v. *Palmer,* 107 U. S. 3, 27 L. ed. 346, 2 S. Ct. 25, 30, held that the foregoing provision of the statute "must be taken to mean, such faith and credit as they * * * [the records and judicial proceedings] are entitled to in the courts of the State, Territory, or other country subject to the jurisdiction of the United States from which they are taken."

The judgment of a sister state is entitled to full faith and credit even where (1) "there is an irregularity as to the form of the proceeding in which the judgment is rendered, or where there is a mistake as to, or a noncompliance with, the law of the state where the judgment was rendered." 31 Am. Jur., Judgments, Section 540, and cases cited in Notes 19, 21 and 1; (2) the procedure of the sister state in which the judgment is sought to be

enforced in the forum state differs from that of the courts of the sister state, provided, however, that the proceeding must be shown to have been orderly and to have been conducted according to the rules for the protection of private rights. 31 Am. Jur., Judgments, Section 544, Note 4; and (3) where the judgment of the sister state involves some contravention of the public policy of the forum state. *International Harvester Company of America* v. *Solazo,* 116 W. Va. 34, 178 S. E. 429, 11 M. J., Judgments and Decrees, Section 229, Note 7; 31 Am. Jur., Judgments, Section 543. In the *International Harvester Company* case point 2 of the syllabus, this Court held that "Under the full faith and credit clause of the Federal Constitution [Article IV, Section 1], the courts of this State may not refuse to enforce a judgment of another state because it involves some contravention of the public policy of this State."

As aptly stated in the article written by James Wm. Moore, Esq., and Robert Stephen Oglevay, Esq., of New Haven, Connecticut, in the treatise "The Supreme Court and Full Faith and Credit", at page 577 of Vol. XXIX, Virginia Law Review, as to a judgment of a court of law, as distinguished from a decree in equity: "The general proposition was settled at an early date that the merits were not open; that in common law language the proper negative plea to an action upon the judgment was the plea of *nul tiel record* and not *nil debet*", citing *Mills* v. *Duryee,* 7 Cranch 481 (U.S. 1813), and *McElmoyle* v. *Cohen* (1839), 13 Pet. 312, (U.S.). See Beale's The Conflict of Laws, Vol. 2, Section 429.C, to the effect that in the case of a judgment of a court of general jurisdiction of a sister state, it is generally held that jurisdiction will be presumed.

The court of common pleas in amending the plaintiffs' statement of claim after the verdict was rendered by the jury, but before judgment, and the amendments to the verdict before judgment, in our opinion, did not invade the defendant's private rights in violation of the

due process clauses of the Constitution of the United States, Section 1 of the Fourteenth Amendment thereto, and of Article III, Section 10 of the West Virginia Constitution. The amendment of plaintiffs' statement of claim on March 7, 1947, after the original verdict was rendered by the jury and the discharge of the jury but before final judgment was made in conformity with Rule No. 1033 of the Rules of Civil Procedure, promulgated by the Supreme Court of Pennsylvania (Purdon's Pennsylvania Statutes Anno., Perm Ed., App. Title 12,) which provides: "A party, either by filed consent of the adverse party, or *by leave of court, may at any time* change the form of action, correct the name of a party or amend his pleading." (Italics supplied). In *Theisen* v. *Pittsburgh Railways Company*, 256 Pa. 475, 476, 100 A. 994, the Supreme Court of Pennsylvania held that the *ad damnum* clause in a statement of claim in the discretion of the trial court may be amended at any time before final judgment to embrace the case as actually tried. In that case the Court allowed an amendment of plaintiff's statement of claim changing the amount claimed from ten thousand to twenty thousand dollars, so as to cover a fifteen thousand dollar verdict found by the jury. In so holding the Court stated: "This was a proper exercise of judicial discretion and tended to promote the due administration of justice; and thereby defendant was deprived of no substantial right. It would be a blemish upon the law if such formal amendment could not be made without the necessity of granting a new trial. The amendment did not go outside of the case as it was tried; and any time before final judgment the ad damnum clause may, in the discretion of the trial court, be increased so as to embrace the case as actually tried."

While in the State of Pennsylvania a verdict may be remolded to conform to the obvious intent of the jury, though such remolding involves the inclusion in the verdict of a defendant originally omitted therefrom (*Shively* v. *McDonald,* 308 Pa. 298, 162 A. 287), the propriety of such a rule on the question whether defendant's private rights

have been invaded and the due process clauses of the United States and State Constitutions violated, is not before us, because the first amended and the second amended verdict, upon the last of which the judgment sought to be enforced here was based, asserted liability against the instant defendant only, O. H. Cook, and whether the amendment as to the amounts of the verdict was proper under Pennsylvania practice is of no moment, for clearly the defendant was not hurt thereby. We say this because the original verdict was in favor of both the Paulls against the defendant, O. H. Cook, in the amount of $6,000.00. The first amendment, though in favor of George A. Paull only, likewise held the defendant liable for six thousand dollars, and the second amended verdict of January 25, 1949, upon which the instant judgment was entered, found the defendant liable to both plaintiffs in the sum of $289.00, and also liable to plaintiff, George A. Paull, in the amount of $5,711.00, which two amounts likewise equal the sum of $6,000.00. So it is inconceivable to us how the second amendment of the verdict would injure defendant in any way. Therefore, we say that even if the amendment of January 25, 1949, was improper under Pennsylvania practice, the action of the Court in making that amendment and in entering the instant judgment thereon did not in the least violate defendant's private rights, and, in the absence of such invasion, if the question is important in the decision of this case, we must hold that the amendment did not serve to violate the due process clauses of the Federal and West Virginia Constitutions.

As to the matter of the amendments of the petition and verdict of the jury, though it seems to us not consonant with the integrity of jury trials and the finality of judgment, the matter is purely procedural, and, being so, under Section 1 of Article IV of the Constitution of the United States, commonly referred to as the "full faith and credit clause", the integrity of that judgment is not subject to attack in any proceeding in West Virginia courts after the Court of Common Pleas of Washington

County, Pennsylvania, had obtained jurisdiction of the cause of action and of the defendant.

In conclusion we simply say that the jurisdictional qualities of the instant judgment present an insurmountable barrier against the collateral attack sought to be invoked here. It follows that the Circuit Court of Hancock County erred in sustaining the demurrer to plaintiff's notice of motion for judgment proceeding, and its judgment in this regard should be reversed and the case remanded with directions to overrule the demurrer and reinstate the motion for judgment proceeding.

*Judgment reversed; case*
*remanded with directions.*

LOVINS, JUDGE, dissenting:

The Court's opinion herein overlooks a basic concept inherent in the constitutional requirement of due process of law. I therefore respectfully dissent from the conclusions reached therein.

There are many confusing and irregular procedural steps involved in obtaining the original judgment of *Paull, et al.* v. *Cook* in the Common Pleas Court of Washington County, Pennsylvania.

I think we must appraise the validity of the judgment obtained in such court according to the laws of the Commonwealth of Pennsylvania, except where such laws or the rules of practice and procedure violate a constitutional right. First, it is to be noted that service was had on Cook under provisions of §1201 of Title 75, Purdon's Penna. Statutes Annotated, as amended by P. L. 1651, §1, which provides for service of process on a non-resident of the Commonwealth of Pennsylvania who has accepted the privilege of operating a motor vehicle or having the same operated within that state, and thereby makes and constitutes the Secretary of Revenue of the Commonwealth his agent for the service of process in any civil suit or proceeding instituted in the courts of that Commonwealth against him "arising out of, or by reason of,

any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." In general, the statute above noted is similar in its provisions to statutes covering the same subject enacted in many states. In this jurisdiction, by Chapter 47, Acts of the Legislature, 1937, service of process in similar situations is authorized. See *Marcum* v. *State Automobile Mutual Ins. Co.*, 134 W. Va. 144, 59 S. E. 2d 433.

The statute, as indicated in the Court's opinion herein, is held to be equivalent of personal service in *Hess* v. *Pawloski*, 274 U.S. 352, 47 S. Ct. 632, 71 L. Ed. 1091. It seems to me that it is a departure from the sound principles enunciated in *Pennoyer* v. *Neff*, 95 U.S. 714, 24 L. Ed. 565, and rests on fictionalized logic. Nevertheless it must be now accepted as law. An informative discussion of such statutes will be found in 43 W. Va. Law Quarterly, page 316, *et seq.*, wherein many cases are collated and discussed. Examination of these cases indicates that the statute has received a strict application. See *Wuchter* v. *Pizzutti*, 276 U.S. 13, 48 S. Ct. 259, 72 L. Ed. 446.

The record in the instant case discloses that the statement of claim filed by the Paulls against Cook in the Court of Common Pleas of Washington County, Pennsylvania, contained ad damnum clauses of $289.00 jointly claimed by Paull and his wife and $5,000.00 claimed solely by Paull. A copy of such statement, as originally written, was served on the Secretary of Revenue of the Commonwealth of Pennsylvania. Notwithstanding that fact, the Common Pleas Court of Washington County, Pennsylvania, permitted an amendment of the ad damnum clause by increasing the same from $5,000.00 demanded by Paull to $6,000.00. It seems to me that this changed the identity of the action.

If it be conceded, as stated in the Court's opinion, that the Common Pleas Court of Washington County has jurisdiction of the subject matter, in view of the change in the statement of claim after service on the Secretary of

Revenue, there are serious doubts whether by service on such officer of a statement of claim for $5,000.00 and an amendment changing the amount of such claim to $6,-000.00 after service on him, the trial court had jurisdiction of the defendant Cook.

Passing over that question, and conceding, for the purpose of this opinion, that the Common Pleas Court of Washington County, Pennsylvania, had jurisdiction of the parties and the subject matter, the procedure following the inception of the action in that court was such as to deprive the trial court of jurisdiction and to destroy the essential finality of any judgment pronounced by it. This is clear when the steps taken in the trial court are stated. First, there was a verdict actually rendered by the jury on March 5, 1947, reading in part as follows: "* * * we the jurors impaneled in the above entitled case, find O. H. Cook, the defendant, guilty of negligence and award the plaintiffs, George A. Paull and Cel M. Paull, his wife the sum of six thousand dollars ($6,000.00)." On the 7th day of March, 1947, the verdict of the jury was amended by the trial court to read as follows: "And now, to-wit, March 5, 1947, we, the jurors impanneled in the above entitled case, find O. H. Cook, the defendant, guilty of negligence and award the plaintiff, George A. Paull, the sum of Six Thousand Dollars ($6,000.00)." Thereafter, on a motion to amend and mould the verdict, the Common Pleas Court of Washington County, Pennsylvania, on the 25th day of January, 1949, almost two years after the rendition of the verdict, by a *nunc pro tunc* order, entered the following verdict: "And now, to-wit, March 5, 1947, we the jurors impaneled in the above entitled case, find O. H. Cook, the defendant, guilty of negligence and award the plaintiffs, George A. Paull and Cel M. Paull, the sum of $289 and award the plaintiff in his own right, George A. Paull, the sum of $5,711." On the last mentioned verdict judgment of that court was rendered on the 25th day of January, 1949, and the notice of motion in the instant case is grounded on the last mentioned verdict and judgment.

Undoubtedly, under the laws of the Commonwealth of Pennsylvania, the Common Pleas Court of Washington County had the authority to amend the verdict, but as stated by Chief Justice Maxey in the case of *Maize* v. *Atlantic Refining Co.*, (Pa.), 41 A. 2d 850, 855, "To permit the verdict of a jury to be amended after the jury is discharged, except in a clear case of error in announcing and recording the verdict, might lead to great abuses, and such amendments are permissable only in very exceptional cases where the facts are not disputed and where justice requires it. * * *" The *Maize* case is authority for the proposition that a trial court has the right to amend a verdict of a jury after the discharge of the jury, but as said in *Smullin* v. *Harenski* (Pa.), 162 A. 319, 320, "Where the intention of the jury is plain, the court may mould the verdict into form according to the requirements of the law." In *Gaspero* v. *Gentile* (Pa.) 50 A. 2d 754, the court in discussing a " 'Motion to Amend, Correct and Mold Finding and Verdict' " used the following language: "But it is only in exceptional cases that the court may, after recordation of verdict and discharge of jury mould or amend that verdict, and such power is rarely, if ever, exercised, unless to make the corrected verdict conform to a verdict actually rendered but informally or improperly stated in writing."

In this case, the amendment of the statement of claim by increasing the amount of damage claimed and the moulding of the verdict in accordance with such amendment amounted to a revision of the verdict upward. In *Gaspero* v. *Gentile, supra,* the court said: "It is also only in rare cases that the court may revise a verdict upward, although ample power exists to reduce it; the instances of revision upward usually consisting of matters of interest and similar subjects."

Another phase of this case is that the trial court, by a *nunc pro tunc* order, reopened the judgment after the adjournment of the term in which the judgment was rendered. Again referring to cases in the Common-

wealth of Pennsylvania, we find that in *Dellacasse* v. *Floyd* (Pa.), 2 A. 2d 860, the power of a court in that Commonwealth to open or amend its judgments, adversely obtained, ceases at the expiration of the term at which such judgments were rendered. That rule, however, has no application to judgments obtained by confession or default. *King* v. *Brooks,* 72 Pa. 363; *Dormont Motors* v. *Hoerr* (Pa.), 1 A. 2d 493.

The conclusion is inescapable that the case of *Paull* v. *Cook* was so brought and prosecuted in the Common Pleas Court of Washington County, Pennsylvania, that it was adverse in the sense that proof was required. The Common Pleas Court exceeded its power according to the law of the Commonwealth of Pennsylvania in reopening its judgment pronounced in March, 1947, by a *nunc pro tunc* order entered in 1949. To hold otherwise is to destroy the finality of any judgment pronounced in the action. If we accept as lawful the power of the Common Pleas Court of Washington County, Pennsylvania, to reopen its judgment at any time to amend a jury verdict any number of times, what is to prevent that court from reopening the judgment two years after the last amendment of the verdict, and, after amendment of the statement of claim and the moulding of the verdict, to pronounce a judgment on the verdict of $10,000 or even more, and so on *ad infinitum?*

If we apply the principles contended for by Paull in the instant case, no judgment would ever become final. In the Court's opinion the irregularities herein are treated as procedural, but I think that such treatment is fallacious and that such characterization is inaccurate for the reason, among others, that the service of process and the statement of the claim of $5,000 is not a sufficient warrant to mould and revise a verdict and to render a judgment thereon for $6,000.

The fact that the verdict as originally rendered by the jury was moulded and amended twice destroys any idea that the verdict was amended in January, 1949, in accord-

ance with the obvious intent of the jury. If the intent of the jury was so obvious why was it not amended correctly the first time?

Appraising the action of the Court by the standards set by the court of last resort of the Commonwealth of Pennsylvania, you can reach no conclusion other than that such action was unauthorized and that the trial court exceeded its legitimate powers and jurisdiction in moulding the verdict in January, 1949, and rendering judgment thereon. Moreover, as hereinabove stated, if the principle is followed to an ultimate conclusion, it destroys the finality of even the present judgment on which Paull relies. Applying the rule stated in *Henry* v. *Henry,* 74 W. Va. 563, 82 S.E. 522, this Court is not called upon to enforce the judgment of a sister state lacking finality. The courts of this state are not called upon, nor required by Article 4, §1, of the Federal Constitution to accord to a void judgment full faith and credit. *Perkins* v. *Hall,* 123 W. Va. 707, 17 S.E. 2d 795.

Lest it be said that the Common Pleas Court of Washington County, once having acquired jurisdiction of the parties and subject matter, did not lose such jurisdiction by subsequent action in amending the verdict after rendition by the jury, and, in reopening its judgment after the adjournment of the term at which it was rendered, I advert to the principle that a court may lose jurisdiction.

A court having jurisdiction of the parties and the subject matter may lose such jurisdiction by lapse of time. *Nichols's Appeal,* 174 Pa. 405; *Meyer* v. *Henderson* (Md.), 42 A. 241; *McVey* v. *Butcher,* 72 W. Va. 526, 78 S.E. 691; *Tsutras* v. *Farrar,* 109 W. Va. 509, 155 S.E. 655; *Wells Fargo & Co.* v. *City and County of San Francisco* (Cal. App.), 144 P. 2d 415.

Jurisdiction may be lost from causes other than lapse of time. Even though a court has jurisdiction of the subject matter and the parties in a fundamental sense, it sometimes happens that a court lacking power and authority to act or grant relief fails to comply with basic

requirements of due process of law. The assumption by a court of power not conferred on it, or authorized by the laws of the government under which it is organized and maintained, though such court originally had jurisdiction of the subject matter and parties, may deprive such court of jurisdiction theretofore possessed. Actions in excess of a court's power, and the assumption of unauthorized authority and jurisdiction, renders a judgment or decree void. *In re Woolley's Estate* (Vt.), 117 A. 370; *Pyeatt* v. *Estus* (Okla.), 179 P. 42; *Sache* v. *Gillette* (Minn.), 112 N.W. 386; *Armstrong* v. *Obucino* (Ill.), 133 N.E. 58.

The second headnote of the case of *Armstrong* v. *Obucino, supra,* reads as follows: "The rule that an erroneous decree of a court which has jurisdiction of the parties and the subject matter can only be attacked on appeal or error is subject to an exception where the court has exceeded its jurisdiction and in its decree has transcended the law or statute to which it is applicable, as courts are limited in the extent and character of their judgment, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached."

In the case of *Thacker* v. *Ferguson,* 127 W. Va. 177, 181, 32 S. E. 2d 47, this Court used the following language: "A court having jurisdiction of the subject matter of the controversy may not exceed its legitimate powers in relation thereto." See 1 Freeman on Judgments, Fifth Edition, §354, *et seq.,* for a complete statement of the applicable principle.

I am convinced that the proceedings in the Common Pleas Court of Washington County, Pennsylvania, with respect to the moulding and amending of the verdict of the jury and entering judgment for an amount greater than that sought in the original claim for damages were such that that court exceeded its legitimate power and authority and deprived it of jurisdiction to pronounce the judgment relied upon.

A summation of the reasons is: (a) That the assumed power of the trial court to denominate its own conclusion a jury verdict deprived Cook of his constitutional right of a jury trial; (b) That the judgment of the Common Pleas Court of Washington County, Pennsylvania, lacks finality.

For the reasons stated herein, I would refuse to enforce the judgment of the Common Pleas Court of Washington County, Pennsylvania, and would affirm the judgment of the Circuit Court of Hancock County, West Virginia.

Judge Given authorizes me to say that he joins in this dissent.