KATHRYN H. FORTNER

*v.*

FRANCIS D. FORTNER, JR.

(No. 14279)

Decided September 8, 1981.

*John L. MacCorkle and John R. Fowler* for appellant.

*Charnock & White and John N. Charnock, Jr.*, for appellee.

PER CURIAM:

The controversy in this appeal concerns whether the circuit court erred in failing to give full faith and credit to two Virginia judgments for child support arrearages. We reverse and remand, with directions, and award a new trial.

The parties to this action were residents of the City of Norfolk, Virginia, where on October 28, 1957, in the Circuit Court of Norfolk, the appellant, Kathryn H. Fortner, obtained a divorce from the appellee. The circuit court had personal jurisdiction over the parties, and by its decree the appellant was awarded custody of the children of the marriage, and the appellee was ordered to pay $40.00 per week child support. Thereafter, the appellee moved to West Virginia.

On June 13, 1968, the appellant reopened the proceedings and obtained a judgment of $4,140.00 for child support arrearages in the Circuit Court of the City of Norfolk. This judgment also raised the support payments to $50.00 per week. On motion of the appellant, the case was transferred to the Juvenile and Domestic Relations District Court of the City of Norfolk to enforce the support provisions of the 1968 decree. On October 13, 1976, the appellant obtained a judgment in that court for arrearages under the 1968 decree of $9,366.00.

On January 24, 1977, the appellant brought this action in the Circuit Court of Kanawha County to enforce the two judgments, attaching certified copies of the decrees as

exhibits to the complaint. The appellee answered asserting both judgments were void. The appellant then moved for summary judgment. In opposition to the motion, the appellee filed an affidavit representing that he was not served with notice of either the 1968 or 1976 proceedings, and contending there were genuine issues of material fact to be tried. After a hearing summary judgment was denied.

Just prior to the commencement of trial, the appellant tendered to the court the return of service which was attached to the 1968 judgment order showing that the appellee had been personally served with notice of those proceedings. Based on the return of service and the fact that the 1968 decree expressly stated the appellee was given notice, the appellant argued that the 1968 judgment was entitled to full faith and credit. The trial court ruled the judgment was invalid, finding that the appellee was not given proper notice because the appellant failed to present a copy of the petition allegedly served on the appellee. The appellant took exception to the trial court's ruling, and the case went to trial resulting in a $2,140.00 verdict for the appellant.

The appellant then moved for a new trial contending the circuit court erred in refusing to give full faith and credit to the 1968 judgment and in refusing to allow the appellant to present evidence of a $50.00 per week child support obligation as provided for in that judgment. As factual grounds for the motion, appellant attached certified copies of a Notice and Petition from the records of the Circuit Court of the City of Norfolk. The Petition alleged that the appellee was in arrears on support payments by $4,140.00 and sought an increase in child support. The appellant also attached a certified copy of a return of service dated June 7, 1968, from a Kanawha County deputy sheriff swearing that he personally served the appellee with the Notice and Petition in Kanawha County, West Virginia. The trial court denied the motion for a new trial and this appeal followed.

We are of the opinion that the 1968 judgment is entitled to full faith and credit in this State under settled legal principles, and that the trial court erred in refusing to recognize it as such and enter judgment thereon. It is axiomatic that:

> "Under Section 1, Article IV of the Constitution of the United States, the judgment or decree of a court of record of another state of the Union will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud." Syl. pt. 1, *Consumer Credit Co. of Waynesburg v. Bowers*, 143 W.Va. 748, 104 S.E.2d 869 (1958), *quoting*, Syl. pt. 1, *Perkins v. Hall*, 123 W.Va. 707, 17 S.E.2d 795 (1941).

Moreover:

> "If the court, which rendered the judgment, was a court of general jurisdiction, the presumption is it had jurisdiction of the particular case, and to render the judgment void, this presumption must be overcome by proof." Syl. pt. 3, *Gilchrist v. O. & O. L. Co.*, 21 W.Va. 115 (1882).

*See also, Citizens National Bank v. Consolidated Glass Co.*, 83 W.Va. 1, 97 S.E. 689 (1918).

It is also thoroughly established law that the validity of a judgment of another state is determined by the law of that state, and if the judgment is valid there, it must be given full faith and credit and the same force and effect in this State. *See*, e.g., Syl. pt. 4, *Aldrich v. Aldrich*, 147 W.Va. 269, 127 S.E.2d 385 (1962), *rev'd on other grounds*, 378 U.S. 540, 84 S.Ct. 1687, 12 L.Ed.2d 1020 (1964).

The appellee presented no evidence demonstrating the Circuit Court of the City of Norfolk was not a court of general jurisdiction at the time it rendered the 1968 judgment, and under the authority of Syllabus Point 5 of *Stewart v. Stewart*, 27 W.Va. 167 (1885), we would be warranted in concluding that it was a court of general jurisdiction and that its judgments are entitled to the benefit of a presumption that it had jurisdiction. Our

reading of the Virginia statutes also supports the conclusion that the Circuit Court of the City of Norfolk is a court of general jurisdiction. 4 *Va. Code* §§ 17-117 & 17-123. That the circuit court is a court of record is not disputed.

The only proof offered by the appellee in opposition to the 1968 judgment was his uncorroborated affidavit that he was not given notice of the proceeding. The deputy sheriff's return of service, however, directly contradicts the appellee's claim and under Virginia law the return of a sheriff is prima facie evidence of the facts stated therein. 2 *Va. Code* § 8.01-326 (1977 Repl.). Prior to the enactment of this statute in 1977, the rule in Virginia was that the return of service of a deputy sheriff was a conclusive verity not subject to challenge by parol evidence. *Caskie v. Durham*, 152 Va. 345, 147 S.E. 218 (1929). In addition, the 1968 judgment states on its face that the appellee received notice. Considering these circumstances, we conclude the appellee did not clearly show by pleading and proof that the Virginia court was without jurisdiction to render the 1968 judgment.

We are of the opinion, however, that the trial court did not err in refusing to give full faith and credit to the 1976 judgment. The Juvenile and Domestic Relations Court of the City of Norfolk was not a court of general jurisdiction, 4 *Va. Code* § 16.1-139, *et seq.* (1975 Repl.), and thus the 1976 judgment is not entitled to a presumption of validity. The judgment order does not state that the appellee was given notice, and the appellee by his affidavit contested this fact. Under these circumstances, we cannot conclude that the trial court erred in refusing to enter judgment in favor of the appellant as to the 1976 judgment.

The appellee also argues the 1968 judgment is invalid because the Virginia courts have never gone so far as to hold that its courts can enter an *in personam* judgment for child support arrearages where service is had only by way of notice of motion served outside the state. The fact that the Virginia Supreme Court has not been required to rule on this point certainly does not constitute proof that the judgments are void under Virginia law. Moreover, we are of the opinion that under Virginia law, if the circuit

court has personal jurisdiction of the parties to a divorce proceeding, it had continuing jurisdiction to modify the original decree as to the amount of child support, and the fact that one party leaves the state is of no consequence, if the party is given notice of the modification proceedings. *Kern v. Lindsey,* 182 Va. 775, 30 S.E.2d 707 (1944).

The appellee also argues that even if he received notice of the 1968 proceeding, the notice was not timely under Virginia law and therefore the judgment is void. This contention relates to a procedural matter that does not go to the validity of the judgment. Syl. pt. 4, *Paull v. Cook,* 135 W.Va. 833, 65 S.E.2d 750 (1951); Syl. pt. 3, *Caswell v. Caswell,* 84 W.Va. 575, 100 S.E. 482 (1919).

For the foregoing reasons, we reverse the judgment below, set aside the verdict, and direct that judgment be entered for the amount of the 1968 decree. On retrial the appellant should be permitted to adduce evidence on the extent to which the appellee is in arrears in making the $50.00 per week child support payments provided for in the 1968 judgment.

For the foregoing reasons, we reverse and remand, with directions, and award a new trial.

*Reversed and remanded*
*with directions;*
*new trial awarded.*